## SAMUEL LANE *versus* SAMUEL SHACKFORD.

A makes a contract, not in writing, with B, to convey land to the latter. B can maintain no action upon the contract, even when he has performed it on his part.

But such a contract is not to be considered wholly void. And B can have no remedy, to recover back what he may have paid under it, until A has disabled himself, or refused to execute the contract on his part.

And if A convey the land to a third person in mortgage, with a power to sell, he is not to be considered as having disabled himself to perform the contract, until his right to redeem is gone.

ASSUMPSIT. There were three general counts, for money had and received, upon an account annexed to the writ, and for land sold and conveyed. There was also a special count, stating in substance, that in consideration the plaintiff had agreed to convey to the defendant a certain tract of land in Piercy, and pay the defendant $19, and also perform for him certain labor, and deliver to him a pair of steers; the defendant promised the plaintiff to convey to him a certain tract of land in Chester, with an averment of performance on the part of the plaintiff, and of a neglect and refusal on the part of the defendant to perform the contract.

The defendant pleaded the general issue, and the statute of limitations.

The cause was tried here at August term, 1829, and a verdict taken for the plaintiff, subject to the opinion of the court upon the following case.

Lane
*v.*
Shackford.

On the 9th April, 1818, the plaintiff bargained with the defendant for the said tract of land in Chester, and, with his father, gave the defendant a promissory note for $172,70, payable on demand with interest, and thereupon the defendant agreed to convey to the plaintiff the said land in Chester, upon the payment of said note. There was no written contract on the part of the defendant, produced, nor any evidence of the existence of such a contract, unless it might be inferred from the nature of the contract and the circumstances of the case.

On the 12th September, 1818, the plaintiff conveyed the Piercy land to the defendant, and about the same time, but more than six years before the commencement of this action, delivered stock, performed labor, and paid money in part of said note, but never paid the note in full, there being a balance of $30, still unpaid.

On the 13th May, 1826, the defendant conveyed the said land in Chester to Rufus Wilson in fee and in mortgage. The condition of this conveyance was, that the defendant should, within eighteen months from the date of the deed, pay divers promissory notes, given by him to divers persons. And it was agreed in the deed that the defendant, doing no waste, should remain in possession until the condition should be broken ; and that in case of a breach of the condition, the said Wilson, within six months after the expiration of the said eighteen months, should sell the land at auction, and apply the proceeds to the payment of the notes mentioned in said condition, and the expenses of the sale, and pay to the defendant the overplus if any.

*D. French,* for the plaintiff.

*S. D. Bell,* for the defendant.

*By the court.* There are several reasons why the plaintiff should not have judgment on the last count in his declaration upon the facts stated, but we shall mention only one.

It is provided by statute in this state, that no action

shall be maintained upon any contract or sale of lands, unless the agreement upon which such action shall be brought, be in writing and signed by the parties to be charged, or their agents. As it does not appear that there was in this case a written contract for the sale of the land mentioned in the fourth count, the evidence, even if it had shown the contract performed by the plaintiff, must then have been adjudged insufficient, unless that circumstance takes the case out of the statute.

Courts of equity decree a specific performance of parol contracts relating to the sale of lands, where there has been a part performance of the contract. But the ground of relief there, in such cases, is fraud. Sugden's Law of Venders, 72 ; 1 Swanston, 172, *Morphet* v. *Jones* ; 2 Strange, 783, *Earl of Aylesford's case* ; 1 Johns. Ch. Rep. 131, *Philips* v. *Thompson* ; and ibid, 273, *Parkhurst* v. *Van Courtland* ; 2 Caines' Cases, 87, *Wetmore* v. *White* ; 7 Vesey, 341 *Buckmaster* v. *Harrop.*

It is said by Kent, C. J. in *Jackson* v. *Pierce*, 2 Johns. Rep. 223, that it seems never to have been decided in a court of law, that a part performance of a parol agreement will take it out of the statute.

And doubts have been sometimes entertained, whether courts of equity have not gone rather too far on this subject. 3 Vesey, 712. 2 Schoales and Lefroy, 4 and 552.

The broad general language of the statute seems to us to be decisive on this point. There is in terms no exception. And it is a strong argument against admitting any exception, that in the statute, which provides that contracts for the sale of goods, in certain cases, shall be in writing, and which was passed upon the same day when the statute we have now under consideration was passed, excepts, in express terms, contracts which have been partly executed.

It has also been decided in the supreme court of Massachusetts, upon a statute in which the same language is used, that part performance of a parol agreement relat-

ing to the sale of an interest in land, does not take the contract out of the statute. 1 Pick. 328, *Kidder* v. *Hunt.*

We are therefore of opinion, that to sustain the fourth count in this case it would not have been enough to show an agreement between the parties, which had been performed on the part of the plaintiff, but it was essentially necessary to show an agreement in writing.

It remains to enquire then, whether, under the circumstances of this case, the plaintiff is entitled to recover upon the other counts, a compensation for what he has done under the contract?

A parol contract for the sale of lands is not declared by the statute to be void. It is only declared, that no action shall be maintained upon it. 15 Mass. Rep. 85, *Davenport* v. *Mason*; 6 East, 611.

And we are of opinion, that the plaintiff is not at liberty to treat the contract for the sale of the land in this case as void, unless the defendant has refused, or disabled himself, to perform it. If one man contracts with another to perform labor, and receive as a compensation the conveyance of a particular tract of land, although the contract to convey the land is not a proper foundation for an action, yet still common honesty and fair dealing require that he shall not be at liberty to refuse the land, and demand money, until the other party has refused to execute the contract. But we have no doubt, that in general, when a contract within the statute of frauds has been in part executed by one party, there is a plain remedy for such party, to a certain extent, in a court of law, if the other party fraudulently refuse to execute the contract on his part. If money has been paid, it may be recovered back. If labor has been performed, a compensation for it may be recovered. These principles are recognized in the following cases. 1 Pick. 328, *Kidder* v. *Hunt*; 5 Mass. Rep. 133, *Sherburne* v. *Fuller*; 11 ditto, 342, *Boyd* v. *Stone*; 2 Car. & P. 91, *Mavor* v. *Pyne*; 7 Cowen, 92, *Burlingame* v. *Burlingame*; 5 Johns. 85, *Gillet* v. *Maynard*; 13 ditto, 365.

Lane
*v.*
Shackford.

In this case, the plaintiff has not performed, on his part, what he contracted to do, and has never been in a situation, in which he could have enforced the contract, had it been in writing. Nor does it appear, that the defendant has ever refused to execute the contract. If the defendant had put it out of his power to convey the land by conveying it absolutely to some other person, it might have deserved consideration, whether that would not have entitled the plaintiff to consider the contract as wholly rescinded. But it does not appear, that he has so disabled himself that he cannot now give a good title. He conveyed the land in mortgage, and gave to the mortgagee a power to sell. But it is not shown, that the power has been exercised, or that his right to redeem the land has been in any way foreclosed. He cannot be deemed to have disabled himself to convey to the plaintiff by conveying the land in mortgage to another, so long as he has the right to redeem. 9 Johns. 126, *Greenby* v. *Cheevers ;* 7 Cowen, 24, *Frost* v. *Clarkson.*

*Verdict set aside and a new trial granted.*