IN THE

## SUPERIOR COURT OF JUDICATURE,

FOR THE

## COUNTY OF GRAFTON, JULY TERM.

### A. D. 1835.

---

## NEWTON *vs.* SWAZEY & a.

A specific performance of a parol agreement for the sale of land, may be decreed in equity, when the agreement is admitted, unless the party insists upon the benefit of the statute of frauds.

And a part performance of such contract will take it out of the statute. If the vendee, with the assent of the vendor, enters into the land and makes improvements, it will constitute such part performance.

A bill for specific performance may be maintained against the heirs of the vendor.

In Chancery. The bill alleged that Richard Gookin, deceased, and said Swazey, were seized of a certain tract of land in Haverhill, in fee simple, and as tenants in common, and bargained and sold the land to the plaintiff for the sum of $384, payable in four equal annual payments;—that the plaintiff gave his notes for the same, and said Gookin and Swazey agreed to execute and deliver to the plaintiff their writing obligatory, with a condition that if the plaintiff paid said notes to them as they became due, and the taxes on the land, they would execute and deliver to him a good warrantee deed of said land, on demand, after said payments were made.

The bill then alleged that the plaintiff executed and delivered his notes, according to the agreement, which were received by said Gookin and Swazey in pursuance of the contract ;—that they proceeded to cause their certain writing obligatory, dated, &c. to be signed, sealed and delivered by them, conditioned as aforesaid, and that said Swazey executed and delivered the same, but that by mistake and accident said Gookin did not execute the same, as by his agreement he was bound to do, and ought and intended to do ;—that on the same day, the plaintiff, with the knowledge and consent of said Gookin and Swazey, and by virtue of his contract, entered into the land, and had since remained in possession, and cleared up and fenced a great part of it, and had erected valuable buildings thereon, with their knowledge and consent ;—that he paid his notes to said Gookin and Swazey, as they became due, during the life-time of said Gookin, and is now ready to pay all the money remaining due, if he can receive a good warrantee deed of the land, according to the contract, and that he has paid all the taxes ; —that said Gookin afterwards died intestate, before the time of making said payments in full or demanding the deed had arrived, and that said notes which remained unpaid were included among his estate, and were now in the custody of his administratrix ;—that the other defendants were his heirs at law, and the persons to whom his share in said land descended, and in whom it now remains ;—that the plaintiff had at various times since the death of said Gookin applied to said Swazey, and the said several heirs at law of said Gookin, and the guardians of those of them who were minors, and requested them to make him a good warrantee deed of the land aforesaid, on his paying in full the amount due on his notes aforesaid,—which they had neglected and refused to do.

The bill then prayed a decree that the defendants should convey the land to the plaintiff, on the payment of the balance due upon the notes.

The defendents appeared, and entered into a rule for an answer, and that upon neglect to comply with the rule the bill might be taken, *pro confesso*, and then neglected to file an answer in compliance with the rule.

*Bell*, for the plaintiff.

PARKER, J.    The statute of December 29, 1832, confers upon this court a general "power to decree a specific performance of all executory contracts."    The clause was incorporated into the ninth section, by way of amendment, during the pendency of the bill in the House of Representatives, and was, through some mistake, inserted within a clause relating to the modes by which the chancery powers were to be carried into effect, so that its connexion with what immediately precedes and follows it, is not very apparent, but the grant of power is sufficiently distinct.

The plaintiff rests his case upon this clause of the statute ; and it is only through it that he can compel a conveyance of the lands mentioned in the bill, the statute of July 2, 1822, empowering judges of probate in certain cases to license executors and administrators to execute a conveyance of real estate which the deceased had contracted to convey, not extending to a case like the present.

The defendants, by their neglect to put in an answer, in compliance with the rule, admit all the allegations in the bill ; and it is understood they have no objections to a decree such as is prayed, if the heirs of said Gookin may lawfully be directed to join with the defendant, Swazey, in the execution of the conveyance.

It is admitted, then, that Gookin and Swazey, being seized of the land as tenants in common, bargained and sold the same to the plaintiff, and agreed to execute a writing obligatory, that upon certain conditions they would deliver him a warrantee deed ;—that the bond was drawn, and was executed by Swazey, but by mistake and accident was never executed by Gookin.

Had this obligation been executed by both the defendants, there could not have been any objection on account of the form of the instrument. An agreement to convey may be enforced, notwithstanding it is secured by a penalty, and may be contained in the condition of a bond. 2 *Atkyns* 371, *Howard* vs. *Hopkyns; Sugden* vs. *Vendors,* 163 ; 1 *Maddock's Ch.* 374, *note* 2 ; 2 *Vesey Sen.* 528, *Chilliner* vs. *Chilliner ;* 1 *P. Wms.* 191, *Hobson* vs. *Trevor.* Courts of equity look not to the form but the substance, and the bill sets forth, substantially, an agreement to convey, upon the payment of certain notes, and that an obligation was drawn containing a condition for securing the performance of that agreement, and executed by Swazey.

But had Gookin lived, no bill could have been maintained against him on account of the bond, because it was not executed by him ; and as Swazey could not perform the entire agreement there stated, having title to but part of the land, there would be no propriety in entering a decree against him alone.

The bond, however, merely contained the stipulation upon which the parties had before agreed. The bill states that Gookin and Swazey sold the land to the plaintiff, and that he gave his notes ; and the bond was intended to be a security for a conveyance to him upon the payment of the notes.

The question then is, whether this sale by parol can be enforced, or whether the plaintiff is barred from the relief he seeks, by the provisions of the statute, that all leases, estates, interests of freehold, &c., made and created by parol, and not in writing, shall have the force and effect of leases at will only, and shall not, either in law or equity, be deemed or taken to have any greater force ; and that no action shall be maintained upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, unless the agreement upon which such action shall be brought, or some memorandum thereof, be in writing, and signed by the parties to be charged therewith, or signed by some other person thereunto, lawfully authorized by writing.

There are two grounds upon which a decree for a specific performance may be made in this case, notwithstanding these provisions of the statute.

The statute was intended to guard against fraud and perjury, and the proof of agreements of this character by evidence very liable to mistake or misapprehension. If, therefore, there is no dispute about the agreement, the case is not within the reason of the statute; and it is settled that when the agreement is distinctly set forth in the bill, and confessed by the answer, a court of equity will decree a specific performance, notwithstanding the agreement was not reduced to writing, unless the party insists upon the benefit of the statute. 1 *Madd. Ch.* 383; 1 *Ves. Sen.* 220, *Attorney General* vs. *Day* ; 6 *Ves.* 37, *Cooth* vs. *Jackson*; 4 *Ves.* 23, *Moore* vs. *Edwards*; 12 *Ves.* 471, *Bragden* vs. *Bradbear*; 15 *Ves.* 375, *Rowe* vs. *Teed.*

In this case the agreement is confessed, not by the answer, but by the neglect to comply with the rule to put in an answer; and there is no uncertainty about the terms of the agreement. They are alleged in the bill, and were in fact reduced to writing at the time, so that there has been no ground for any misunderstanding about them,—and the defendants do not set up the statute in bar.

Again—the agreement is not only admitted, but there has been a part performance of the contract, which is held in equity not to overrule the statute, but to take the case out of it. 1 *Madd. Ch.* 376; 1 *Vern.* 160, *note; ditto,* 363, *Butcher* vs. *Stapely & Butcher*; 2 *Vern.* 455, *Pyke* vs. *Williams*; 3 *Ves.* 381, *Wills* vs. *Stradling*; *ditto* 38, *note a*; 18 *Ves.* 328, *Gregory* vs. *Mighill*; 1 *Swanston* 181, *Morphett* vs. *Jones*; 14 *Johns. Rep.* 15, *Parkhurst* vs. *Van Cortland.*

Where, however, there is an uncertainty as to the terms of the agreement, a specific performance cannot be decreed, but other relief is sometimes granted. 1 *Madd.* 379; 2 *Eq. Cas. Abr.* 46, *Lord Pengall* and *Ross*; 1 *Johns. Ch.*

*Newton vs. Swazey & a.*

*R.* 146, *Phillips* vs. *Thompson;* 14 *Johns.* 37, 41, *S. C. in error.*

Here has been not only a payment of part of the purchase money, but the plaintiff has been let into possession, and has proceeded to make valuable improvements; and this it is well settled constitutes a part performance within the rule. 1 *Madd.* 380. Whether the mere payment of part of the purchase money would have been sufficient, seems not so clearly settled.

Under the existing circumstances, it would be a great hardship upon the plaintiff if he could not have the contract specifically performed; and the only obstacle to this, in point of fact, has probably arisen from the decease of Gookin. But this forms no objection in law to the maintainance of a bill for specific performance, in a case where such performance might have been enforced had the party lived. The death of either of the parties to the contract does not impair its obligation. Where there is an effectual agreement for the sale of an estate, by one then entitled, the heir of the vendor is bound to perform it, and the personal representative may enforce it against the vendee. 1 *Madd. Ch.* 368; 2 *Vern.* 215, *Baden* vs. *Countess of Pembroke;* 3 *Atkyns* 1, *Lacon* vs. *Mertins.*

We are of opinion, therefore, that the complainant is entitled to the relief sought by the bill.