## FOLSOM *vs.* THE GREAT FALLS MAN. COMPANY.

The plaintiff declared that he was in the service of the defendants, as an agent, and that the defendants agreed, if he would build a house upon a certain lot belonging to them, for his own use, they would convey him the lot at a certain price ; and if he left their service within five years, they would purchase of him the house and lot—*held*, that this was a contract for the sale of lands, and that no action could be maintained upon it, unless it was in writing.

In another count the plaintiff alleged the agreement to be that he should build a house on the land of the defendants, and that they should pay him the sum expended, in case he should leave their service within five years ; but it appeared in evidence that after it was built the plaintiff took from the defendants a deed of the land and paid therefor—*held*, that in the absence of any express stipulation to the contrary, the purchase of the land operated as a waiver of the first contract. If it were otherwise, and the land was to be reconveyed by the plaintiff, it would then be a contract within the statute.

ASSUMPSIT. The plaintiff alleged in his declaration that on the 30th of June, 1831, he was in the defendants' service, as agent and clerk in their manufacturing establishment, and the defendants agreed, if he would build a dwelling house and out buildings, for his own use, on a certain lot of the defendants, that at any time within five years from July 1, 1831, when the plaintiff should quit their service, and request them to purchase said dwelling house, &c., they would purchase the same, and pay him therefor the sum he should have expended in building the same—that the plaintiff agreed to said offer, &c., and built said buildings, and expended thereon the sum of $3842.12—and that on the 18th of September, 1834, the plaintiff left the defendants' service, and on the 12th of January, 1835, offered the defendants to deliver them said dwelling house, &c., and requested them to accept and purchase the same, and to pay him therefor, which the defendants refused.

In another count the plaintiff alleged, that the defendants promised, if the plaintiff would build, &c., as alleged in the

first count, they would convey to him the lot at $200; and if he left their service would purchase of him said house, buildings and lot, and pay him what he should expend, &c.; and averred that he expended $3842.12 in building—that April 19, 1832, the defendants, in compliance with their contract, conveyed to the plaintiff the lot for $200—that he left their service, &c., and January 12, 1835, tendered them a deed, and requested payment.

A third count alleged an agreement that the plaintiff should build a house, &c., for the defendants, and have the use and occupation while he remained in their service, &c.; and on his leaving their service within five years they would pay him all monies expended, &c.; averring that he left their service, and offered to deliver the house, &c., and tendered a deed, which the defendants refused.

Upon the trial, the plaintiff offered evidence of a verbal contract between him and the directors of said company, in support of his declaration—but it appearing, and being admitted, that subsequent to the time it was alleged to have been made, to wit., on the 19th of April, 1832, the plaintiff accepted and received from said company a deed of the land upon which said buildings were erected, which he still held, the court rejected the evidence.

A verdict having been returned for the defendants, the plaintiff moved for a new trial.

*James Bell*, for the plaintiff. If the ruling is sustained, it must be on the statute of frauds.

The contract when made was not a contract in relation to lands. The contract, as set out in the third count, is a contract to build on the defendants' land. It was so to be considered, if he left their service. Any change of the property cannot change the nature of the contract, or the contract itself. A. contracts to put buildings on the land of B., and subsequently purchases the land of B. Unless there is something in the second contract to release the first, it would not be necessary upon a suit to notice the second contract.

What was the effect of the conveyance in 1832 ? Does
it necessarily discharge the other contract ? The defendants introduced no evidence to show that they stipulated that this contract should be discharged.

A contract for a sale of chattels affixed to the freehold is not within the statute. 11 *East* 362, *Parker* vs. *Staniland ;* 1 *B. & P.* 397, *Poulter* vs. *Killingbeck ;* 2 *Johns.* 421, *Newcomb* vs. *Raymond ;* 5 *Johns.* 272, *Freer* vs. *Hardenburg ;* 11 *Johns.* 145, *Benedict* vs. *Beebe.* If a contract is within the statute, money expended in part performance may be recovered. 1 *Pick.* 328, *Kidder* vs. *Hunt.*

A party may recover for money expended in building. 15 *Mass.* 93, *Davenport* vs. *Mason ;* 1 *Johns. Ch. Rep.* 285, *Parkhurst* vs. *Van Cortlandt.* Equity will retain a bill to make compensation. 1 *Vernon* 159, *Hollis* vs. *Edwards ;* 5 *Mass.* 138, *Sherburne* vs. *Fuller.*

*Christie,* for the defendants. A contract to convey land, or pay $300, has been held to be within the statute. 3 *Fairfield* 506, *Patterson* vs. *Cunningham.* A contract for sale, or delivery of possession, of land and improvements thereon, must be in writing. 7 *Johns. Rep.* 205, *Howard* vs. *Easton.* By the purchase of the land the plaintiff converted the house into real estate. 2 *Stark. Ev.* 347, (*last ed.*) *in notes ;* 5 *Mass.* 133, *Sherburne* vs. *Fuller.*

*Bartlett,* on the same side. 1. The contract is void, for that it was not to be performed within a year. If it appears that it was not the intention of the parties that it should be performed within a year, it was within the statute, although it might be performed in a year. 11 *East* 142, *Boydell* vs. *Drummond ;* 3 *Pick.* 88, *Cabot* vs. *Haskins.*

2. The contract was for the sale of lands, tenements and hereditaments, or some interest concerning them. The plaintiff was to build the house and have the occupation of it for five years. He of course was to have the possession

of the land for that time. 5 *N. H. R.* 374, *Marble* vs. *Marble ;* 6 *N. H. R.* 430, *Putney* vs. *Day ;* 7 *N. H. R.* 522, *Olmstead* vs. *Niles ;* 6 *East* 602, *Crosby* vs. *Wadsworth;* 2 *Taunt.* 38, *Emerson* vs. *Heelis ;* 11 *Mass.* 342, *Boyd* vs. *Stone.*

3. The deed of 19th April, 1832, is either a cancelling of the contract, or is such an addition to it as to bring it within the statute of frauds.

*Bell,* in reply. As to the 1st point—If the contract may be performed within the year, it is not within the statute.

PARKER, C. J. The contract, as stated in the second count, is clearly within the statute of frauds. 5 *N. H. Rep.* 130, *Lane* vs. *Shackford, and the authorities cited for the defendants.*

If the plaintiff could recover, it must be on the first or third counts.

Laying out of the case any thing in those counts, to show that the contract, as there stated, is within the statute, and viewing it as a contract that the plaintiff should build a house on the defendants' land, and that the defendants should pay him the amount expended, if he should so elect, we are of the opinion that the plaintiff is not entitled to recover. Taking that as the whole original contract—upon a new contract, subsequently made between the parties, the plaintiff purchased the land, and received from the defendants a deed of it. This must be held to be a waiver of the former contract, unless the presumption is expressly negatived. An express contract that the defendants would still be holden by the former agreement, and pay for the expenses of the house, and permit the plaintiff to hold it as his own, might perhaps be sufficient. But this could not be supposed to be the understanding of the parties, unless there was evidence offered of such new contract. There is no suggestion that when the plaintiff received the deed he paid for the value of the house, as well as the land.

Without a contract to continue the former agreement, the purchase and sale of the land on which the house was erected would show that the plaintiff had concluded no longer to rely upon the former contract, and had elected to waive all claims upon the defendants for the expenses of building ; for having taken the title in fee simple upon a subsequent purchase of the land only, it could not have been his expectation that the defendants were to own the house ; or to pay him for building it, and permit him to own it. Besides, if that agreement was to be regarded as continued, on the terms on which it was originally made, the effect of it would be that the defendants, having paid for the building, were to own the land and building. It would be necessary, therefore, in order to carry it into effect, that the plaintiff should reconvey the land : and it would, after the taking of the deed by the plaintiff, be a contract for the conveyance of land, and thus within the statute. And, moreover, in that case, how was the plaintiff to obtain a repayment of the sum he paid for the land ? That was not in the original contract. *Judgment on the verdict.*