## TILTON *vs.* TILTON.

A court of equity may decree the specific performance of a parol contract for the sale of lands, when such contract has been in part performed.

A court of equity may, upon parol evidence, correct a mistake in a deed, or other written contract, if the same be clearly shewn to exist.

Tenants in common agreed to make partition pursuant to the award of referees, and executed deeds for that purpose. In the deed to the plaintiff a tract of land assigned to him was omitted by mistake. The parties took possession according to their deeds. *Held*, the mistake should be rectified, and a specific performance of the contract, as to the tract omitted, should be decreed.

The contract alleged in the bill must be proved substantially as set forth, or the variance will be fatal.

In Chancery. The bill alleged that in the month of November, 1832, the parties were seized and possessed of certain lands in Kensington, as tenants in common ; and, being desirous to have partition made of said lands, they entered into bonds to abide the award of T. L., S. T. and J. W. S., by them chosen to make partition ; that the arbitrators, after hearing the parties and examining the lands, declared to the parties their opinion in relation to the manner in which partition should be made, and were about to make an award ; but the defendant being dissatisfied, it was agreed between the parties, that B. M. and D. P., together with the arbitrators before named, should, as referees, decide upon a partition of said lands between the parties ; and that partition should be made by deed, in conformity to their decision : That the referees thus chosen, on the 10th of January, 1833, examined the lands, heard the parties, and declared their opinion that the orator should hold certain parcels of the said lands, and among others a certain tract of woodland, containing one acre and one hundred and forty rods ; and that the defendant should hold the residue of the said lands, holden by them as tenants in common : That the parties agreed to make partition by deed, agreeably to the opinion of the said referees, and employed T. L. to make the deeds : That a deed was drawn and executed by the orator, conveying to the defendant his part of said lands, according to the opinion of the referees, which deed was accepted by the defendant : That another deed was drawn, and executed and delivered by the defendant, conveying to the plaintiff all his part of said lands, according to the opinion of the referees, except the said tract of woodland containing one acre and one hundred and forty rods ; which said T. L. omitted by mistake and accident to insert in the deed : That both parties entered under their respective deeds, and made partition fences between their improved lands : That on the 29th of August,

1836, the plaintiff requested the defendant to convey to him the said tract of woodland, and tendered to him a proper instrument to be executed for the purpose : but he refused to execute the instrument. The bill prayed for discovery and relief.

The defendant, in his answer, admits the tenancy in common, and that the parties made arbitration bonds, but denies that the arbitrators made any award in writing, or according to the bonds. He admits that the parties verbally agreed to submit to the five referees named in the bill to decide upon a partition of said lands, but denies that the said agreement to submit contained any promise or stipulation that partition should be actually made according to their decision. He admits that the referees, on the 10th of January, 1833, heard the parties, and verbally expressed their opinion that the plaintiff should hold as his moiety the several tracts as expressed in the bill, except the said tract of woodland ; but he denies that they expressed any opinion that the plaintiff should have said tract of woodland. He admits that the referees expressed an opinion that he, the defendant, should hold as his moiety the several tracts as described in the bill. And he says, that the referees did not at any time express their opinion to the parties that the plaintiff should release to the defendant the land which, by said opinion of the referees, the defendant was to have.

He denies any agreement whatever at any time to make partition, by deed or otherwise, according to the opinion of the referees. He denies that the parties employed T. L. to draw deeds according to the opinion of the referees ; but he admits that deeds were drawn and executed, as set forth in the bill, but denies that it was done for the purpose of executing any agreement to make partition according to the opinion of the referees. He denies that T. L. omitted the tract of woodland by mistake and accident ; and says he never agreed to convey that tract of land to the plaintiff.

He admits that the parties entered under the deeds given to each other, as aforesaid, and have ever since been in possession, and maintained a partition fence, as alleged in the bill; and he claims the benefit of the statute of frauds.

The plaintiff filed his replication, and the parties proceeded to examine witnesses.

*Sullivan*, for the defendant, cited the following authorities : *Blake's Chancery* 24, 54 ; 2 *Wheat.* 342 ; *Colson* vs. *Thompson*, 4 *Peters* 311 ; *King* vs. *Hamilton*, 1 *Bibb* 590 ; 1 *Rand.* 408 ; 2 *Story's Eq.* 64, 65, 66, 68 ; *Sugden's Law of Vend.* 82, 83 ; 6 *Call's Rep.* 308 ; 17 *Mass. R.* 303, *Dwight* vs. *Pomeroy ;* 8 *Green.* 320, *Stearns* vs. *Hubbard ;* 1 *Fair.* 80, *Elder* vs. *Elder ;* 5 *N. H. R.* 130, *Lane* vs. *Shackford ; Kyd on Awards* 39 ; 7 *Cranch* 171 ; 6 *Vesey, Jr.* 31 ; 11 *Wheat.* 446.

*Bell*, for the plaintiff.

WILCOX, J.    There seems little room left for controversy in regard to the main allegations in the plaintiff's bill. The tenancy in common ; the submission to referees ; the hearing of the parties by the referees ; the declaration of their opinion to the parties ; the execution of two deeds, and possession pursuant to them, are clearly admitted in the defendant's answer.    It is equally clear, from the proofs, that the parties expressly agreed to abide by and perform the award of the referees ; that the referees awarded certain lands, including the tract of woodland in dispute, to the plaintiff, and certain other lands to the defendant ; that the parties then agreed to make partition according to said award, and deeds were executed and delivered, as was supposed executing said agreement, and with the intent to execute it fully and completely ; but that the tract of woodland was omitted by mistake and accident.    The equity of the plaintiff's claim is not, therefore, open to controversy ; and the only question is, whether, within the acknowledged principles of chancery, he is entitled to the specific relief prayed for in his bill.

The plaintiff asks of this court to enforce against the defendant a specific performance of the contract thus established in proof; to which it is objected, that the contract is shewn only by parol evidence; and because it is void, as within the statute of frauds.

It is no objection to the power of a court of equity to decree a specific performance, that the contract is proved only by parol testimony. The cases to that effect, which have been cited from Massachusetts and Maine, (17 *Mass.* 303 and 8 *Green.* 320) rest upon the peculiar provisions of their statutes conferring chancery powers. This court has the power to decree the specific performance of contracts generally, without qualification; 2 *Laws* 75; and it is a reasonable construction that our powers on this subject conform substantially to the practice of courts of chancery in England, so far as that practice may be applicable to our condition. And it is believed that there the weight of authority is clearly in favor of the power to enforce specific performance of parol contracts.

Before the statute of frauds, however, courts of equity were, upon general principles, very cautious of giving relief upon parol contracts for lands, unless confessed by the answer, or in part performed. *Fonb. Eq., book* 1, *ch.* 3, *sec.* 8; 2 *Story's Eq.* 55; *Sug. Vend.* 86.

Since the statute of frauds, courts of equity in England have decreed the specific performance of agreements relating to lands, notwithstanding the agreement was not reduced to writing, where the defendant confessed the agreement in his answer, and did not insist upon the statute. *Sug. Vend.* 81; 2 *Story's Eq.* 57.

So where there had been a part performance of the contract. *Sugd. Vend.* 83; 2 *Story's Eq.* 62.

Both principles have been recognized here; and where the defendant neglected to put in an answer, in compliance with a rule of the court, it was held a sufficient admission for this purpose. *Newton* vs. *Swasey & al.,* 8 *N. H. Rep.* 1.

The statute of frauds was intended for the protection of contracting parties. It is not because it is in itself unlawful, or *contra bonos mores*, to contract by parol for lands, that such agreements are made void; but it is to guard against the setting up of pretended agreements, and attempting to support them by perjury; to protect the parties from the dangers and the uncertainties arising from the imperfection of human memory, and the mistakes of honest witnesses. Parties may waive the provisions of a statute introduced for their benefit; and if they come into court and deliberately admit the contract, without claiming the protection of the statute, it is clear that a court of equity should give the ordinary relief for the violation of such agreements. *Sug. Vend.* 79, 81, 82; 6 *Ves.* 39; 5 *Wendell* 642.

So, where a contract has been partially performed; where the plaintiff, confiding in the defendant's integrity and good faith, has so far proceeded in the execution of the contract, that he can have no adequate remedy unless from a specific performance of the whole contract, then equity requires such relief to be granted; otherwise a statute, designed to prevent fraud, would itself become an instrument of fraud. *Sug. Law of Vend.* 83; 5 *Wendell* 642.

Much controversy has arisen as to what shall be considered a part performance sufficient to withdraw a case from the operation of the statute of frauds; and here no doubt abundant caution is requisite.

The governing rule is, that nothing is to be considered as a part performance which does not put the party into a situation, which is a fraud upon him, unless the agreement be performed. 2 *Story's Eq.* 66; *Fonbl. Eq.* 260.

Thus, if upon a parol agreement a man is admitted into possession, he is made a trespasser, and liable as such, if there is no agreement valid in law or in equity. 2 *Sto. Eq.* 66; *Sug. Law of Vend.* 84. A stronger case exists, where a vendee, upon a parol agreement for a sale of land, should make improvements upon the estate in the confidence of a

due completion of the contract. In such case there would be a manifest fraud upon the party in permitting the vendee to escape from a strict fulfilment of his contract. 2 *Story's Eq.* 66; *Fonbl. Eq.* 158.

Again, the acts must clearly appear to be done with a view to the performance of the contract. 2 *Sto. Eq.* 67; *Sug. Vend.* 83; 5 *Wendell* 645.

Nor is it sufficient, that the acts done should be clear and definite, and referrible exclusively to the contract; but the contract itself should also be established by competent proofs to be clear, definite, and unequivocal in all its terms. 2 *Sto. Eq.* 69.

In the case before us, the terms of the contract are clear and distinct. The acts done in part execution of the contract are of the strongest character. The plaintiff has released or conveyed to the defendant all the lands assigned to him; the defendant has also released to the plaintiff his portion of the lands, except the woodland; and this was omitted by a clear mistake. The parties have both been in possession pursuant to their deeds, and erected partition fences to a certain extent. Here is not only possession, and making improvements, but how is the plaintiff to get his lands back? How can he be made whole but by a specific performance of the contract? It would be a most manifest fraud upon the plaintiff to permit the defendant to escape from a complete execution of his contract; and we should undoubtedly have occasion to express our regret, if neither law nor equity were found adequate to redress so palpable an injury.

The question has been somewhat discussed at the bar, whether a court of equity will reform a written contract by parol testimony, and then decree the specific performance of the contract as reformed. Upon this subject the authorities are conflicting. And the present case does not require of us a decision of the question. There is nothing in this contract to be reformed; the contract was well enough; the

only ground of complaint is, that a portion of it was not performed.

In *Elder* vs. *Elder*, 1 *Fairf.* 80, it is said "a deed conveys one farm, when it may be proved by parol that it should have conveyed two. Here equity cannot relieve without violating the statute." And it is thus attempted to distinguish that case from *Gillespie* vs. *Moon*, 2 *Johns. Ch. R.*, where the deed conveyed too much land. If this position rests upon the provisions of the Maine statute, it may be well enough. But we cannot accede to it as the true rule of chancery jurisprudence, to be derived from the adjudged cases in England and America. In our opinion, a court of equity is competent to correct and reform any material mistake in a deed or other written agreement, whether that mistake be the omission or insertion of a material stipulation; and whether it be made out by parol testimony, or be confirmed by other more cogent proofs. And the same rule applies to contracts within the operation of the statute of frauds. *Langdon* vs. *Keith*, 9 *Verm. Rep.* 299; *Fonbl.Eq.* 58, *b.* 1, *ch.* 1, *sec.* 7; *and b.* 1, *ch.* 3, *sec.* 11; 3 *Desaus.* 85; 4 *Har. & McK.* 17; 1 *Story's Eq.* 165; 1 *Ves.* 314; 2 *Johns. Ch. Rep.* 596, *and cases there cited;* 4 *Johns. Ch. R.* 85.

This principle is apparently at variance with a well established rule of evidence, observed equally in courts of law and of equity, and resting upon the most satisfactory reasons; that when the parties have reduced their agreement to writing, the written instrument is the only admissible evidence of the terms of that contract, and is not to be controlled, added to, altered, or varied by parol. Fraud is, however, an exception to the rule; and so, in our judgment, is a case of mistake clearly made out. For it would be a reproach to the jurisprudence of the country, if it were not in its power to relieve from the consequences of a mistake unequivocally established. But the mistake must be made out in the most clear and decided manner, and to the entire satisfaction of the court; and especially must the proofs be clear and con-

vincing, when the mistake is denied in the answer. *Lyman* vs. *United Ins. Co.*, 2 *Johns. Ch. R.* 631, *Gillespie* vs. *Moon ;* 2 *Johns. C. R.* 599, 600 ; 1 *Vesey* 317 ; 1 *Bro.* 94 ; 6 *Vesey* 328 ; 11 *Vt. R.* 138 ; 10 *ditto* 452 ; *Sug. Law of Vend.* 120.

In *Lord Irnham* vs. *Child*, 1 *Bro. C. C.* 92, Lord Thurlow said, that a " mistake should be proved as much to the satisfaction of the court, as if it were admitted. The difficulty of this is so great, that there is no instance of its prevailing against a party insisting there was no mistake."

The denial in the answer may, however, be overcome by the proofs. It is so in the case at bar ; for, notwithstanding the denial in the answer, the proof of mistake is so clear, that, although this case has been argued most elaborately, with great learning and zeal, the fact of the mistake has not been controverted by the counsel.

But it is said the plaintiff has not performed the contract on his part ; and it appears that the deed of release executed by him contains a reservation of certain interests in the property conveyed, not noticed in the contract as stated in the bill.

There is no pretence, however, but what the defendant received the deed thus in fact executed as a full performance on the part of the plaintiff. Whether these additional reservations were in fact awarded by the referees, or whether they were introduced by a subsequent agreement of the parties, modifying the decision of the referees, does not appear. In either case the plaintiff has a right to the relief sought. But he cannot have it upon this bill as it now stands, if the omission to notice these reservations in the averment of the contract produces a fatal variance between the allegations and the proof. When a plaintiff sets up a particular contract, and calls for its execution, and is put to the proof of it, he must establish it substantially as he has described it. *Parkhurst* vs. *Van Cortland*, 14 *Johns. Rep.* 15 ; *Harris* vs. *Knickerbacker*, 5 *Wend.* 646.

Unless the plaintiff has clearly established the contract

*as charged,* and also a part performance of the *same contract,* he has not entitled himself to the relief prayed. *Phillips* vs. *Thompson,* 1 *Johns. Ch. Rep.* 146.

The plaintiff has set up a contract for an absolute conveyance of his interest in certain lands ; this is part of an entire contract ; in evidence it appears to have been subject to certain exceptions and reservations. We think the variance is substantial.

These reservations appear only on the defendant's deed, which it is said has never been on record, and which was not produced till upon exception taken to the defendant's answer stating the deed, he was compelled to produce it. They do not appear on the evidence to be at all material to the merits of the real controversy between the parties. The plaintiff can now correct his bill by amendment or other proceeding,—and then, unless some new ground of defence, growing out of the introduction of this new matter, may possibly arise, he will be entitled to a decree, that the defendant release to him the tract of woodland in dispute.