## AYER *vs.* HAWKES.

The defendant, in the month of May, 1838, made a verbal contract with the plaintiff, for the purchase of a farm, for the sum of $1200·00. It was agreed that $200·00 or $300·00 of the purchase money should be paid when he should take possession; $500·00 in the ensuing summer, and the remainder in two years. The defendant took possession, and paid the plaintiff $200·00, for which the plaintiff gave him a receipt, stating that it was in part payment for the land. The defendant took the crops for the year 1838, but failing to make any further payment, the plaintiff notified him to quit, and he removed from the place in the month of December. The plaintiff then brought an action for use and occupation, and the defendant filed the sum of $200·00, which he had paid the plaintiff, by way of set-off.

*Held,* that as the defendant neglected to complete the contract, by paying or tendering the instalment when it became due, the set-off could not be allowed.

*Held,* also, that the plaintiff could not recover, without repaying the defendant the money he had received under the contract.

ASSUMPSIT, for use and occupation of the Kimball Place,

so called, in Hampstead, from the first day of May, 1838, to the 10th day of December, 1838.

The defendant pleaded the general issue, and gave notice of a set-off for money had and received.

On the trial, it appeared in evidence that about the first day of May, 1838, the defendant made a verbal contract with the plaintiff, to purchase of him the place in question, for the sum of $1200·00. The terms of payment were, $200·00 or 300·00, when he should take possession ; $500·00 in the summer, and the remainder in two years. The defendant, on taking possession, paid the plaintiff $200·00, for which the plaintiff gave him a receipt, in the following words : " Received of John Hawkes $200·00, in part payment for the Kimball Place, sold him ; and the same shall be adjusted when the writings shall take place."

The defendant entered upon and cultivated the land, and took the crops for the year 1838, but failed to make any further payment in the summer, and on the 10th day of November the plaintiff gave him notice to quit. He accordingly removed from the place in the month of December following.

The plaintiff then brought this action to recover for the use and occupation of the premises ; and the defendant claimed the right to set off the sum he had paid towards the purchase of the place, contending that the plaintiff's remedy, if he had any, was upon the contract for the purchase.

A verdict was taken for the plaintiff, by consent, upon which judgment is to be rendered, or it is to be amended, or set aside and judgment rendered for the tenant, according to the opinion of this court upon the foregoing case.

*James Bell,* for the plaintiff, cited *Lane* vs. *Shackford,* 5 *N. H. Rep.* 130 ; *Fairbanks* vs. *Dow,* 6 *Ditto* 266 ; *Clough* vs. *Hosford,* 6 *Ditto* 231 ; *Smith* vs. *Stewart,* 6 *Johns.* 47 ; *Lowten* vs. *Camp,* 12 *Ditto* 451 ; *Bancroft* vs. *Wardell,* 13 *Ditto* 489 ; *Cummings* vs. *Noyes,* 10 *Mass.*

433; *Wiggin* vs. *Wiggin*, 6 *N. H. Rep.* 299; *Cowp.* 246; *Elliot* vs. *Rogers*, 4 *Esp.* 59; *Peake's Add. Cas.* 76.

*Porter*, for the defendant. If the plaintiff seeks to recover an equitable compensation for the use of the land, he must be ready to do what is equitable. On this principle, a party having treated a contract as abrogated, and enjoyed the benefits resulting therefrom, cannot afterwards set it up to the prejudice of the other party. *Chitty on Cont.* 574, (*Ed.* 1839); *Whipple* vs. *Dow*, 2 *Mass.* 415; 1 *Pick.* 57.

That the plaintiff has rescinded the contract, appears not only from the form of his action, but from his act, in giving the defendant notice to quit. *Fuller* vs. *Little*, 7 *N. H. Rep.* 77; *Gary* vs. *Hall*, 11 *Johns.* 441; *Danforth* vs. *Dewey*, 3 *N. H. Rep.* 79; *Giles* vs. *Edwards*, 7 *T. R.* 177; *Gillett* vs. *Maynard*, 5 *Johns.* 85. And he cannot treat the contract as valid and invalid at the same time. *Maddock* vs. *Hammett*, 7 *T. R.* 181.

The plaintiff having thus rescinded the contract on his part, the defendant may recover back what he has paid, as the assent of both parties is necessary in order to rescind it entirely. 2 *Mass.* 326; 5 *Greenl.* 277; 3 *Pick.* 38.

And as the plaintiff is now precluded from setting it up, the defendant may elect to consider it rescinded. *Chitty on Cont.* 370; *Long* vs. *Preston*, 2 *M. & Payne* 551. The plaintiff might have had a remedy in equity, if he had chosen to adhere to the contract. 12 *Johns.* 551; 5 *N. H. Rep.* 130.

But if the contract be not rescinded by the plaintiff, then we say, that the mere omission by the defendant to pay the money at the time specified, is not necessarily an abandonment of the contract, and that the defendant may still set it up, to bar the plaintiff's recovery in this form of action. 13 *Johns.* 359; 11 *Ditto* 441; 5 *Ditto* 85; 12 *Ditto* 551; 6 *Ditto* 46; 5 *N. H. Rep.* 130; 6 *Ditto* 231.

If the plaintiff meant to avail himself of the defendant's omission to pay, he should have given him notice of his in-

tention; and as he did not, any objection arising out of such omission may be regarded as waived. The contract being executory, and having been performed in part, cannot be considered as waived by mere implication. 1 *T. R.* 133; 1 *N. H. Rep.* 17; 14 *East* 486. Nor can a contract be rescinded *in toto* by one of the parties, where one of them cannot be placed in the same situation which he occupied when the contract was made. Hence the necessity, in many cases, of offering to return goods, &c., to a party before an action can be maintained to recover the consideration. **15** *Mass.* 319; 4 *Ditto* 502; 5 *East* 449; 6 *Ditto* 611.

Our position, therefore, is, that a party, using the acts of the other party to abrogate a contract, and resorting to an action of *indebitatus assumpsit,* and claiming to recover on principles of equity, thereby relieves the other party from the burthen of the contract, and opens the door of equity to him also. And the special contract, if rescinded by the plaintiff, cannot be used by him to deprive the defendant of his set-off; or, if set up by him, the defendant may use it to bar the plaintiff from recovering in this form of action.

GILCHRIST, J. This is a parol contract for the sale of lands. Consequently it is within the statute of frauds, and no action at law could be maintained upon it.

But it does not therefore follow that the contract is entirely void. A parol contract for the sale of lands is not declared by the statute to be void. It is only provided that no action shall be maintained upon it. *Lane* vs. *Shackford,* 5 *N. H. Rep.* 133.

Nor does the case find that the parties ever regarded it as invalid. On the contrary, they must have considered it as binding upon them, by the manner in which they conducted. The defendant paid the plaintiff a part of the purchase money for the land, according to the contract, and the plaintiff permitted the defendant to take possession of it. Here, then, to a certain extent, the contract was executed. There

Ayer *v.* Hawkes.

had been, thus far, an actual performance by both parties. The defendant received a consideration for the money he had paid, by the license from the plaintiff to enter upon, and occupy the land, and the plaintiff permitted the defendant to occupy as owner, and received therefor the sum of two hundred dollars.

There is, then, no ground for the defendant's position, that he is entitled to recover the money he has paid under the contract. Upon this point, he is the party in fault; for he omitted to comply with the agreement to pay a further sum towards the purchase money for the land. If he had fulfilled the agreement, by paying or tendering the whole sum he had contracted to pay, although the contract was not in writing he would not have been remediless, for then he might have recovered it, if the plaintiff had refused to make the conveyance of the land. *Lane* vs. *Shackford,* 5 *N. H. Rep.* 133. But he has no right of action, except upon the failure of the plaintiff to perform.

It may be asserted with confidence, that a party who has advanced money, or done any act in part performance of an agreement, and then stops short, and refuses to proceed to the ultimate conclusion of the contract, the other party being ready and willing to proceed and fulfil all his stipulations according to the contract, has never been suffered to recover for what has thus been advanced or done. *Ketchum* vs. *Evertson,* 13 *Johns.* 365.

" The plaintiffs are seeking to recover the money advanced upon a contract, every part of which the defendant has performed, so far as he could by his own acts, when they have voluntarily and causelessly refused to proceed, and thus have themselves rescinded the contract."

" It would be an alarming doctrine, to hold that the plaintiffs might violate the contract ; and, because they chose so to do, make their own infraction of the agreement the basis of an action for money had and received." *Ketchum* vs. *Evertson.*

Ayer *v.* Hawkes.

So, where a party covenanted to pay money for land by instalments, on completing which he was to have a deed; and he took possession and continued it for some time, making partial payments, but finally failed to pay, and the vendor took possession; in an action for money had and received, to recover the money paid, it was held that it would not lie. *Green* vs. *Green*, 9 *Cowen* 46.

The same point is decided in the case of *Rounds* vs. *Baxter*, 4 *Greenl.* 454.

The same principle is applicable in cases where the contract for the sale of lands is not in writing. Where A, having made a parol agreement with B, for the purchase of lands, took possession of the land, and paid part of the purchase money, and died, and his administrator tendered the residue of the purchase money, and demanded a deed, but B refused to receive the money, or execute a deed, it was held, *that as B had refused to perform*, the money paid might be recovered in an action for money had and received. *Gillett* vs. *Maynard*, 5 *Johns.* 85. And in *Dowdle* vs. *Camp*, 12 *Johns.* 451, where, on a parol contract for the sale of lands, the purchaser paid part of the consideration, it was held that, there being no default on the part of the vendor, he could not maintain an action to recover the sum paid.

It is said by the court, in that case, that " the contract was not illegal in its inception, although not binding upon the parties; but payment of part of the purchase money was such part performance as to become binding upon the defendant, and a court of equity would compel a conveyance."

There are cases which hold that payment of a substantial part of the purchase money, not merely as earnest, is a part performance, sufficient to take the case out of the statute. *Mann* vs. *Melbourne*, 4 *Vesey* 720 ; *Bell* vs. *Andrews*, 4 *Dall.* 152; *Thompson* vs. *Tod*, 1 *Peters* 388. But Lord Redesdale held that payment of the purchase money will, in no case, amount to a part performance. And it is said by

Parker, C. J., in the case of *Newton* vs. *Swazey*, 8 *N. H.* *Rep.* 14, that whether the mere payment of part of the purchase money is sufficient for that purpose, seems not to be clearly settled.

But possession by the vendee, having unequivocal reference to the contract, has always been considered an act of part performance. *Marphett* vs. *Jones*, 1 *Swanst.* 181; *Harris* vs. *Knickerbacker*, 5 *Wend.* 638; *Newton* vs. *Swazey*, 8 *N. H. Rep.* 9; *Tilton* vs. *Tilton*, 9 *N. H. Rep.* 385.

It would appear, therefore, upon the authorities, that specific performance of the contract would have been decreed in chancery, if either party, upon performance, or offer to perform, and neglect by the other party, or refusal to fulfil the agreement, had chosen to avail himself of that remedy. There is enough, therefore, in the case, to show that the contract would not be held entirely void, either at law or in equity. In this case, as the defendant has not paid nor tendered the sum due according to the contract, he could have no remedy in chancery for a specific performance, particularly as he has abandoned the possession; nor would equity relieve him, or assist him to recover the sum he has paid; and we are of opinion, for the reasons before given, that he cannot recover it in this action.

It does not, however, follow from this, that the plaintiff is entitled to recover for the use and occupation of the land. All his acts, since the failure of the defendant to pay according to his agreement, are inconsistent with the claim he now makes. He notified the defendant to quit the premises, and now brings this suit, not upon the contract, for upon that no action could have been maintained, but for the use and occupation of the land. By permitting him to enter into possession under the contract, and receiving from him the first instalment of the purchase money, he considered him, while he occupied the land, as the owner of it. He received the two hundred dollars for the license which he gave the defendant to occupy as owner. He now wishes to consider

him as tenant, to rescind the former contract, and charge the defendant with another contract, entirely inconsistent with the former. If he desires, for the sake of the remedy, to consider the contract as rescinded, on the ground that the defendant has failed to perform an essential part of it, he must restore what he has received. If he wishes to recover an equitable compensation for the use of the land, he must act equitably himself, and repay the money which he received of the defendant for the license to occupy. He certainly cannot retain it and recover a further compensation for the same cause.

Upon this principle it has been held that a party having an election to rescind a contract must rescind it wholly, or in no part. He cannot consider it void, to reclaim his property, and at the same time in force for the purpose of recovering damages. *Junkins* vs. *Simpson,* 2 *Shepley* 364.

So, if one party in an executory contract do an act which will authorize the other party to consider it rescinded, and he accordingly brings an action on an implied promise, to recover compensation for part performance, as though no special contract existed, he cannot at the same time claim under the contract, so as to entitle him to damages which he could not recover except under the contract. *Hill* vs. *Green,* 4 *Pick.* 114.

So in this case ; as the occupation of the land was under the contract, and was paid for in pursuance of the contract, the plaintiff cannot consider it in force, so as to entitle him to retain the two hundred dollars, and as rescinded, so as to give him a cause of action upon an implied agreement.

The judgment of the court, therefore, is, that the verdict be set aside, and that there be

*Judgment for the defendant.*