*444 OPINION of the Court, bv
J udge Logan.—
Sthresh-ly and wife exhibited their bill to recover a proportion a<5 a leSatee °f certain property under the will of Johtt ' Upshaw, the father of Mrs. Sthreshly,
*445 The testator, after devising to his wife for life certain land, houses and improvements, household furniture, slaves, sto ck, &>•, declares m the next place that his daught-rs Sarah and Lucy have received their part of his estate ; and then proceeds to give the residue to his other chddren. But with this ex ception, that “if any recovery is had in Kentuck-, I give one half of it to my son Edwin and his heirs forever, and the other moiety to be equally divided between my other legatees and Lucy ; and if any of the said legatees die unmarried or without lawful issue, his or their parts to be equally divided between all the survivors and Lucy and their heirs forever.”
But not having disposed of the absolute right in the personal property which had b-en given to his wife for lile, he wills that interest equally between all his legatees. In the distribution of that property the executor gave it to the other children in exclusion oí Lucy. To recover a distributive share of which, Lucy and her husband have brought this suit; and having obtained a decree in their favor, the plaintiffs in error have prosecuted this writ of error.
The only question material to be determined is, whether Lucy is one of the legatees of her father ? The solution of this question must depend on the true intent and meaning of the testator as deducidle from the will.
It is otivious that the testator commenced his will with an intention of giving the whole of his estate to his other children, under the belief that his daughters Sarah and Lucy had before received an equal proportion. But in as much as his estate might prove more valuable than the testator expected, owing to the uncertainty of contested property in Jyentutkv, he seems to have been induced to make farther provision for Lucy, depending upon that interest — an interest evidently considered by the testator as doubttul and uncertain: for, says he, “if any recovery is had in Kentucky,” then in that event he makes such and such disposition thereof.
But in this provision of the will the testator seems pretty clearly not to have considered Lucy as one of his legatees: for he devises one half to his son E Iwin, and the other moiety to his “ other legatees and Lucy.” But the express mention of her name here was necessary, hecauae no bequest to her had been previously gi *446 ven. The same idea, however, is observed by the tes» tator in distinguishing this daughter from those of his children whom he intended as his legatees : for, says he, “ if any of the said legatees die unmarried or without lawful issue, his or their parts to be equally divided between all the survivors and Lucy;'” evidently shewing that he did not consider Luev as one of his legatees, and that he meant to keep up the distinction between them and her. Had he understood Lucy asoné of the legatees in his will, then the bequest over to all the survivors, would have been deemed as comprehending her, without particularly naming her.
The testator, then, having expressly named Lucy as contradistinguished from his legatees in this instance as coming in for a part of certain property, and having shewn almost in the commencement of his will that he did not intend to recognize her as among his legatees, because he had before provided for her ; when, therefore, he devised a considerable property depending upon the life of his wife, to all his legatees, without agath connecting Lucy expressly by name, as he had before done, we thiuk the just inference is that be did not in? tend this provision as extending to her,,
Decree reversed, &c.