NEW-YORK,
Oct. 1815.

DOWDLE
v.
CAMP.

VAN NESS, J., YATES, J., and PLATT, J., were of the same opinion.

Judgment for the defendant.

---

DOWDLE <em>against</em> CAMP.

IN ERROR, on *certiorari* to a justice's court.

The plaintiff in error brought an action for goods sold and delivered, in the court below, against the defendant in error. The defendant pleaded the general issue, and gave notice of set-off. It appeared, on the trial, that, in the fall of 1810, the plaintiff agreed to purchase of the defendan two acres of land, at 45 dollars per acre; and, towards payment, to let the defendant have a cow, valued at 16 dollars. The contract was by parol. The defendant, a short time after the bargain, had the land surveyed, and offered to give the plaintiff a deed of it, on receiving a mortgage to secure the payment; but the plaintiff declined receiving the deed, until he had completed the payment. It also appeared, from the plaintiff's confessions, that the defendant had extended the time of payment, and that, if not made within the extended time, which was long since past, the cow should be forfeited. The justice nonsuited the plaintiff.

*Where, on a parol contract for the sale of lands, the purchaser pays part of the consideration, he cannot, there being no default on the part of the vendor, maintain an action to recover it back.*

*N. Williams*, for the plaintiff in error. He cited *Crawford v. Morrell*, 8 *Johns. Rep.* 256., and *Tappenden v. Randall*, 2 *Bos. & Pull.* 467.

*Storrs*, contra.

NEW-YORK,
Oct. 1815.

JACKSON
v.
ELSTON.

*Per Curiam.* The cow, for which this action was brought, was delivered by the plaintiff to the defendant, in part payment of a piece of land, the contract for the purchase of which was by parol. The defendant, it appears, has always been willing, and has offered to give a conveyance of the land, pursuant to his contract, but the plaintiff declined receiving it, and now brings his action to recover back what he has paid upon his contract. The action cannot certainly be sustained, under the circumstances disclosed by the return; for the cow had become forfeited according to the plaintiff's own confession. But the action would not be sustainable, independent of this. The contract was not illegal at its inception, although not binding upon the parties; but payment of part of the purchase money was such part performance as to become binding on the defendant, and a court of equity would compel a conveyance. The judgment must, therefore, be affirmed.

*Judgment affirmed.*