*Spring Term 1839.*

Duncan
vs
Baird & Co.

---

# Duncan *vs.* Baird & Co.

ASSUMPSIT.

[Mr. Duncan for appellant: no appearance for defendants.]

FROM THE CIRCUIT COURT FOR JEFFERSON COUNTY.

Chief Justice ROBERTSON delivered the Opinion of the Court.

*May 4.*

DUNCAN sold to Baird & Co. a lot of ground, and received a gold watch and chain, at the price of two hundred and ten dollars and twenty five cents, in payment comply, the purchaser can maintain no action to recover back the consideration paid.

A contract for a sale of land, tho' not in writing, is *not void;* & while the vendor is able and willing to

The purchasers of a lot delivered a gold watch and chain, as a payment on account of it; but afterwards, when the conveyance was tendered to them, they refused to receive it; and then the vendor sold the lot to another: if this amounts to a rescission of the contract, the effect is to re-vest the title of the watch and chain in the former owners—the purchasers of the lot; the law implies no promise by the other party, to pay them the value of the watch and chain, and they cannot maintain *assumpsit* for it. Their remedy (if the watch and chain are not returned to them,) is by an action for the specific thing, or for its conversion.

or part payment of the consideration. Afterwards, he tendered to them a conveyance of the legal title to the lot; but they refused to accept it, and determined to renounce the contract. He then sold and conveyed the lot to another person; and they sued him in *assumpsit*, for the price of the watch, and, upon these facts, recovered a verdict and judgment for two hundred and ten dollars and twenty five cents.

It does not appear whether there was any written memorial of the contract. But this was an immaterial fact; for even if the contract was merely verbal, it was not therefore void; and if Duncan offered to comply with it, Baird & Co. could not maintain any action for the recovery of the consideration which he had received from them, unless he either renounced the contract, or had been unable to fulfill it on his part.

And if his sale and conveyance to a stranger, after they had refused to abide the contract, should be deemed such a renunciation of it, or such a disability to fulfill it, as would entitle them to any action, this record exhibits no fact tending to prove an express promise to pay $210 25—or authorizing the deduction that there was an implied promise to pay even any thing for the watch.

If the contract was rescinded, either in fact or in judgment of law, nothing else appearing, the title to the watch and chain was *ipso facto* revested in *Baird & Co.;* and the only promise by Duncan which the law would imply from the simple fact of rescission, would be a promise of specific restitution.

If therefore, upon the facts proved, the appellees be entitled to any legal remedy, it can only be one for the watch itself or for the conversion of it. *Talbot* vs. *Dailey,* 3 *Bibb,* 444; *Lewis* vs. *Whitnell,* 5 *Monroe,* 191; *Dougherty's Administrator* vs. *Goggin,* 1 *J. J. Marsh.* 374–5.

Wherefore, the judgment is reversed, the verdict set aside, and the cause remanded for a new trial.