Stewart McRaven *et al.* Appellants, *v.* W. T. Forbes.

Chancery will not relieve against usury, when the defence could have been made at law.

A party seeking relief in a court of chancery, against an usurious contract, must offer to pay the principal and legal interest, or the court will not take jurisdiction.

APPEAL from the superior court of chancery.

The appellees filed their bill in the superior court of chancery, to stay the sale of property under a deed of trust. It appeared that they borrowed three thousand dollars for six months, at an exorbitant interest, and executed notes, indorsed, one for the principal and another for the interest. The note for the interest was paid, but on failure to pay the note for the principal, the trustee was proceeding to sell, and, to prevent the sale, the injunction was obtained; but the injunction was not served until after the sale, so that the object of the original bill failed. The proceeds of sale being only nine hundred dollars, the appellants instituted suit at law on the note, and obtained judgment. The original bill was filed in 1838, and in April, 1840, the appellees filed a supplement to the original bill, by which they pray to have the judgment injoined; but they neither offered in their bill to pay what was justly due, nor alleged any excuse for not making the defence at law. The respondents demurred to the bill, and the demurrer was overruled; and from that decree an appeal was taken to this court.

Foute, for appellant,

Insisted that there was no equity in the bill; 1. because there was a good defence at law, and no excuse alleged why it had not been made; 2. there was no tender in the bill of what was justly due. He cited 4 Bibb, 460; 5 Dana, 83; 15 J. R. 555; 1 Black. 382. 2 Dess. 341; 2 Dallas, 92; 10 Pet. 571; 1 Dana, 375,

Stewart McRaven *et al.* Appellants, *v.* W. T. Forbes.

252; 1 Hill's Ch. Rep. 21; 2 Eq. Dig. 112; 2 Stew. 420; 14 Ves. 31; 1 J. C. R. 51; 3 J. C. R. 395, 398.

Hughes, on an application for re-argument.

The court will recollect the ground upon which their adjudication is placed is, that the bill is filed to obtain an injunction upon an usurious agreement, and there is no offer in the bill to pay the sum really due; and although the court of chancery has jurisdiction of the question, yet, because an offer was not made to pay the sum due, this being taken advantage of by a demurrer, the bill will be dismissed, which, but for the demurrer, would not have been done.

It is believed that the court, in the opinion given, labored under a misapprehension of the reasoning upon which the authorities upon this question rest, as will be shown by a reference to them. The two cases of Rogers *v.* Rathburn, 1 J. C. R. 366, and Tupper *v.* Powell, 1 J. C. R. 439, are the cases relied upon. What are they? In the case of Tupper *v.* Powell, the chancellor says, "This bill must be dismissed on the ground that the plaintiffs do not tender the sum really borrowed, with the lawful interest. This court will not aid a plea of usury at law, by compelling a discovery, unless the debtor will first do what is equitable on his part. The case of Rogers *v.* Rathburn is in point; and the fourth section of the statute against usury, requiring a discovery in certain cases, does not apply to a case like the present." And in the case of Rogers *v.* Rathburn, the same chancellor says, "The bill prays for a discovery of the usury charged, and, consequently, to subject the defendant to a forfeiture at law of his whole debt; and as the bill does not contain an offer, or tender, of the sum actually borrowed, with the lawful interest, after crediting the eleven per cent. already advanced, the motion cannot be granted. It is a settled principle, that he who seeks equity must do equity; and if the borrower comes into this court for relief against his usurious contract, he must do what is right, as between the parties, by bringing into court the money actually advanced, with legal interest, and then the court will lend him its aid as against the usurious excess. To compel a discovery without such offer, would be against the fundamental doctrine of this court, which will not force a discovery

that is to lead to a forfeiture." From these observations of the chancellor, the principle on which the rule is based is easily extracted, and it is believed to a determination to do *exact* and *ample* justice to all parties.

In New York, however, where those adjudications were made, as well as in England, the taking usurious interest produced a forfeiture of the whole debt, as well principle as interest; and in action at law, were it to be ascertained that usurious interest had been taken or allowed, no recovery could be had; but if, in the action for the defendant, it should be necessary to resort to a court of equity by a bill for discovery, in order to make defence at law, then the chancellor would not compel discovery without an offer to pay what sum had been borrowed, with legal interest, because the parties were in *pari delicto*, and it would not be right and equitable for a discovery to be compelled, when the whole loss thereby would fall on one party only; or in other terms, the court would compel the complainant to do equity before they would give him equity, by paying, or offering to pay, that which was borrowed, with legal interest. And this was indispensible to the attainment of justice, for without it the court could make no decree. The contract, being void by the statute, could not be enforced in whole or in part; but when the money was brought into court, or offered to be paid, in either case a decree could be rendered; in the one, the money being in court could be paid over, or upon the offer to pay the party, by decree, would be compelled. These are the authorities and the reasoning of them, as found in all the books on the subject, and they are believed to be correct. Do they apply to the case under consideration? It is believed not; because—

1. By the law of Mississippi, no forfeiture is incurred by the agreement to take or receive more than legal interest. The court, in the case of Taylor *v.* Matchill, 1 How. 596, use this language: "But there is nothing like a penalty or forfeiture attached to the discovery sought." "If the taking of usury was an offence against law, as it is in some countries, the question would be different." And in that case, which was a bill of discovery in aid of defence at law on the ground of usury, and as in the present case a demurrer, because there was no offer to pay principal and interest, the court

overruled the demurrer and compelled the discovery. And what there is to distinguish that case from the one under consideration, it is difficult to say. It cannot be distinguished.

But in the absence of all adjudication upon our statute prescribing the rate of interest, what would the court now say is the true construction of the statute? It is insisted that it must be decided that there is no forfeiture for the taking of usurious interest. The terms of the statute are clear and explicit, leaving no room for doubt. The first section authorizes the taking of eight per cent. per annum, for the forbearance or giving day of payment, on a contract for the sale of goods, wares, and merchandize, &c., and if more be taken, then no interest whatever shall be recovered, but the principal sum only.

The second section is in reference to the *bona fide* loan of money, *where in the contract the rate of interest is stated*, in which ten per cent. may be charged, and if in such contract it is stated that the same is for money loaned when it is not, and more than the interest allowed upon other contracts is taken, then no interest can be recovered, but principal only.

And the third section provides for all other cases, and allows eight per cent. to be taken, allowed, and recovered, on contracts, bonds and notes in writing, &c., but for the attempt to take more, affixes no penalty. The result is, that there is no penalty, and the principal and legal interest may be recovered. The result of all three of the sections is, to use the words of the statute under the first and second, if the law is violated, that you shall only recover *principal*, and under the third, you may recover principal and legal interest. It is in each case a question as to the extent of the recovery, depending upon the words, nature, and extent of the agreement. There is no forfeiture of a right, because none has vested. It is a mere declaration that a recovery shall not be had to the extent which is sought. Like in all other cases of agreements, a recovery is sought to a certain extent, but in consequence of some action or omission of the party, the extent of the recovery is less than the amount intended to be recovered. It can not therefore be necessary to offer to pay what is really due, there being no forfeiture, and the court, having no statute in the way, will decree what is really due.

Stewart McRaven *et al.*, Appellants, *v.* W. T. Forbes.

But should it be even decided under the first and second section of our statute, that there is a forfeiture, yet we do not come within the rule, because the case under consideration is not within the first or second section. The bill shows that the transaction was not the forbearance or giving day of payment, upon a sum of money for goods, wares and merchandize, &c. sold and delivered; nor was it a *bona fide* loan of money, *the rate* of interest for which was specified in the agreement. But the agreement comes under the class of cases embraced in the third section, upon which it was lawful to charge eight per cent. and no more; and if more was charged, no more could be recovered; for which, however, no forfeiture would take place.

2. Should it, however, be thought that the views of counsel are wrong so far, then it is respectfully insisted that the demurrer should not have been allowed, and the bill dismissed, because the demurrer was not taken upon the ground upon which it was sustained. It is true the court, in the opinion given, so considers the matter, but in this the counsel respectfully insist there is an error.

The demurrer, as will be seen by an inspection of it, was taken for "want of equity," and the ground or cause for which it is sustained is for a defect in the frame of the bill.

We admit it to be a rule of equity pleading and practice, that where a demurrer is taken to a bill, and the ground or cause stated upon the record is not allowed, that other grounds or causes may be assigned *ore tenus* at the bar; but this is admitted with this limitation, that the *cause* assigned *ore tenus*, rests upon the same *ground* with that assigned on the record. This position is fully sustained by the authorities. See 1 Hovedon's Supp. to Vesey, 510, N. 2, and the cases there referred to.

The reason of the rule, and its limitation, is satisfactory. When a demurrer is allowed for want of equity, the bill is dismissed; while if taken for want of parties, the court will direct an amendment to be made, and will not on that ground dismiss the bill.

Again, a dismission of a bill on demurrer for want of equity is a bar to a new bill, while a dismission because of a demurrer for want of parties would be no bar. The reason of which is, in the one case, that the party has no right, in any form in which

he can shape his bill, to come into a court of equity; and in the other, he has not properly framed his bill, with a view to the discovery or relief to which he would have been entitled, had the form been right. The rule insisted upon, therefore, must be correct, otherwise a demurrer might be taken for want of equity, and sustained for want of parties, or any other like cause, and the bill dismissed, and the dismission upon the record would be a bar; or it might be taken for want of proper parties, or other like cause, and sustained for want of equity, and the bill dismissed, and yet be no bar. The opinion delivered grants what is most unquestionably true, that there were grounds upon which to come into a court of equity, but by reason of the want of an offer to pay the sum of money due, and because the defect was taken advantage of by demurrer, refused to sustain the bill; but if that offer had been made, or the demurrer had not been taken, the bill would have been sustained. Was this offer a part of the equity, or was it the mere form or dressing up of that equity? It would seem the latter. The facts *it was* which gave the equity, and whether the offer required was made in this or another bill, so that it was made, the equity could be enforced.

3. It is also insisted that the court ought not to have dismissed the bill, because, upon the record as it now stands, the dismission is a bar, but should have done what the court below ought to have done. What is that? It is answered, that, granting for the present, the court below should have sustained the demurrer. It is insisted that that court should have ordered the bill to be amended, or on failure be dismissed. It has been shown that the demurrer did not go to the whole equity of the bill. Where this is the case, the practice is to permit an amendment. See Mitford's Plead. 276.

But the truth is, as will be partly seen by an inspection of the written argument or brief of counsel on the other side, that the question upon which the demurrer was sustained was never made in the court below, and but slightly argued in this. The case being urged upon another, what to the counsel was considered the principal ground, but which was overruled by the court, and the question decided was not argued or thought of by other counsel.

4. It is, however, insisted that an offer to pay what is due has

been made.   It is true this has not been done in terms, but it has been done in substance.   The prayer of the bill is, that an account of the money paid and due be taken, and the balance found decreed to McRaven.   The reason given by the court why it is necessary to make the offer, is, in order to give the court power to proceed to decree in favor of the defendant, should the balance be in favor of him.   It is true, generally, where the matter of litigation is against the complainant, that no decree other than a dismission can be rendered in favor of a defendant; but this rule does not apply to a bill for an account.   Upon such bill a decree may be rendered in favor of the defendant; because by asking an account the complainant submits to pay the balance against him, if any balance be found.   See Fonb. Eq. 470, 471, note; Wood and Wife *v.* Lee, 5 Munroe, 66.

The bill in the present case is a bill for an account, in which an account is asked, and in express terms by the prayer, a decree is asked against the complainant, provided the balance be against him.   This is a compliance with the rule, and is sufficient.

*Per Curiam.*

There are two grounds taken in argument for reversing the decree.   First—that the bill contains no matter of equitable jurisdiction; and second—that the bill was defective, inasmuch as it contains no offer to pay what is actually due.

It is a question which cannot admit of a doubt, that the defence of usury is one which is full and complete at law.   This is apparent from the nature of the defence, and it is also well settled by authority.   10 Pet. 497.   On a former argument of this case, I was inclined to think that as by the original bill equity had taken jurisdiction of the cause for one purpose, it might exercise it for all purposes; but on further reflection, I am not satisfied with this conclusion.   Where equity has obtained, or can rightfully exercise jurisdiction for one purpose, it will not turn a party out to pursue his remedy at law, on a feature of the case which would be cognizable at law, if it can do justice between the parties.   But this rule does not apply here.   In this case the appellants had a legal remedy on the note, and they were not restrained in the exercise of this remedy.   The injunction to stay the sale had no such ef-

fect. They were left free to pursue that remedy. Equity had not assumed to take jurisdiction, further than to stay the sale, the bill having been filed for that purpose. The appellants being at liberty to pursue their legal remedy, the appellees were bound to meet them in a court of law. The rule which I have mentioned can only operate as to the remedies of the complainant. The defence was at law, and the appellees had submitted to the jurisdiction of the court of law. They acquiesced in that jurisdiction, without any attempt to arrest the proceedings. No reason whatever is assigned for not having made the defence at law. The judgment was suffered to go without objection. Under such circumstances, a court of chancery can give no relief. The parties have lost their remedy by their own neglect.

On the other ground taken, it is insisted for the appellees that a party is not held to make an offer to pay what is due, unless where a forfeiture is the consequence. It seems to me, however, to be founded on the general rule, that he who seeks equity must do equity. The case of Rathbun *v.* Rogers, 1 J. C. R. 367, was an application for a discovery of usury, and the injunction was refused on the ground that there was no offer to pay what was actually borrowed. The chancellor, it is true, remarked that as it was an effort to subject the defendant to a forfeiture of the debt, it would not be granted without an offer to pay what was borrowed. A demurrer to a similar bill was sustained in the case of Tupper *v.* Powell, 1 J. C. R. 439; and I know of no rule which requires this particular form to be adopted in reference to usury more than any other subject. Whether it be a rule in use as to usurious contracts only, or not, it has its origin in the principles of equity; and, being founded in principles of equity, I cannot perceive why it should prevail in one class of cases only. But it is not necessary that we should rest the case on this point, as on the first ground taken we think the case is with the appellants. The decree of the chancellor must be reversed, and the demurrer sustained, and the bill dismissed.