### Morris Coughlin *vs.* John A. Knowles.

An oral contract for the sale of land is not utterly void by the statute of frauds; and therefore a party, who advances money on such contract, cannot recover it back, if the other party is able and willing to fulfil the contract on his part.

Assumpsit for money had and received.   At the trial in the court of common pleas, before *Warren*, J., the plaintiff offered

in evidence the following receipt: " October 18th 1842. I hold two hundred dollars, to be paid to John M'Nulty, when he completes his papers to Morris Coughlin.

John A. Knowles."

Evidence was then introduced tending to show that in the early part of October 1842, the plaintiff and said M'Nulty went to the office of the defendant, and stated to him that M'Nulty had agreed to sell certain real estate to the plaintiff; that the deed to be given was not to come from M'Nulty, and that they had agreed that the defendant should examine the records in the registry of deeds; that M'Nulty should procure such convey-ance of said real estate as the defendant should pronounce suffi-cient; and that any conveyance, which the defendant should pronounce sufficient, should be received as such by the parties: That the defendant afterwards examined said records, and found that the title to a portion of said real estate was in Francis M'Nulty, and the title to the remainder in Patrick M'Caffrey; that the plaintiff and said John M'Nulty, on the 18th of October 1842, again met at the defendant's office, when the sum of $200 was paid to the defendant by the plaintiff, with instruc-tions to pay the same to said John M'Nulty when such convey-ances of said estate should be completed as the defendant should deem sufficient; and that the defendant then gave the aforesaid receipt to the plaintiff, and a similar one to said John M'Nulty: That the defendant, before the 5th of November 1842, prepared a deed, with the usual covenants of warranty, from said John M'Nulty and Francis M'Nulty to the plaintiff, of a portion of said real estate, and another deed, of the remainder of said estate, with like covenants, from said Patrick M'Caffrey to the plaintiff; which deeds were duly executed by said grantors: That the defendant deemed said deeds sufficient to convey to the plaintiff a good title to said estate; and that he gave notice to the plaintiff that said conveyances were completed, and were deemed by him to be sufficient: That on the 5th of November 1842, said John M'Nulty tendered the two deeds aforesaid to the plaintiff, who refused to receive them; that the plaintiff then said his wife was not satisfied, and that he should not take the

land at any rate; that he did not doubt that the deeds were well enough; and that said M'Nulty might keep the money, if he pleased : That the plaintiff, on the 8th of November 1842, informed the defendant that he should not carry his bargain with M'Nulty into effect, and that he should get his money, if he could, or lose it, if he must.

No other demand upon the defendant, before the commencement of this action, was shown.

The plaintiff then introduced evidence tending to show that said Francis M'Nulty was an alien.

The judge instructed the jury, that "in the absence of any express agreement upon the subject, the plaintiff was not bound to complete the contract, until John M'Nulty furnished him with a perfect title to the estate in question ; and that if said M'Nulty had refused or neglected to furnish such title, the plaintiff would have been entitled to recover back the money deposited with the defendant ; that if Francis M'Nulty was an alien, when he executed the deed aforesaid, he could not convey to the plaintiff a good title ; but that the jury should return a verdict for the defendant, if they were satisfied, 1st, that it was agreed between the plaintiff and John M'Nulty, that the $200 should be paid to said M'Nulty when such instruments of conveyance were completed, as the defendant should deem sufficient to give a good title to the plaintiff, and were further satisfied that such instruments were completed, and notice thereof was given to the plaintiff, and that such instruments were tendered to him before he gave notice to the defendant that he should not carry his bargain into effect : Or, 2d, if they were satisfied that the deeds were tendered to the plaintiff, and that when they were so tendered, he did not make any objection to the title which said deeds would convey, but did say that the deeds were well enough, and that said M'Nulty might keep the money, if he pleased : Or, 3d, if they were satisfied that when the plaintiff gave notice, as aforesaid, to the defendant, ne did not make any objection to the title conveyed by the deeds which had been tendered to him." The jury were instructed to consider each of these questions, and if they

Coughlin *v.* Knowles.

should find for the defendant, to state upon which ground they so found.

A verdict was returned for the defendant, and upon an inquiry the jury stated that they found for the defendant upon all the grounds above stated. The plaintiff alleged exceptions to the foregoing instructions.

*B. F. Butler,* for the plaintiff. The plaintiff's contract, being by parol, was void by the statute of frauds, and the money paid in part performance may be recovered back. *Sherburne* v. *Fuller,* 5 Mass. 133. *Walters* v. *Morgan,* 2 Cox, 369. *Blood* v. *Goodrich,* 9 Wend. 68. Chit. Con. (5th Amer. ed.) 111.

As Francis M'Nulty was an alien, he could not give a title against the Commonwealth ; and the plaintiff, therefore, was not bound to receive a deed from him. 2 Kent Com. (3d ed.) 61. His supposed waiver of this objection, by saying that the deeds were well enough, and that M'Nulty might keep the money, was without any consideration, and cannot affect his right to recover back the money. *Spring* v. *Coffin,* 10 Mass. 33, 34. Chit. Con. (5th Amer. ed.) 111, 112.

The jury were erroneously instructed that the defendant was entitled to their verdict, if the plaintiff made no objection to the title conveyed by the deeds, when he gave the defendant notice that he should not carry the bargain into effect. If the objection to the title had been one which could have been removed by John M'Nulty, perhaps this instruction would have been correct. Chit. Con. (5th Amer. ed.) 310. *Todd* v. *Hoggart,* 1 Mood. & Malk. 128. But the alienage of Francis M'Nulty could not have been remedied. And on this ground the plaintiff would be entitled to recover back the money, even if his original contract had not been within the statute of frauds. *Judson* v. *Wass,* 11 Johns. 525. *Rice* v. *Peet,* 15 Johns. 503. *Lyon* v. *Annable,* 4 Connect. 350.

*Hopkinson,* for the defendant. The contract in question was not *void* by the statute of frauds. The terms of that statute are, that "no action shall be brought" on such a contract ; for other purposes, it is valid. See *Davenport* v. *Mason,* 15 Mass. 85. *Gates,* v. *Kennedy,* 3 B. Monr. 172. *Crosby* v. *Wadsworth*

6 East, 611. Money paid on a parol contract for the sale of land cannot be recovered back, unless there is some fault in the vendor. *Dowdle* v. *Camp*, 12 Johns. 451. *Dougherty* v. *Goggin*, 1 J. J. Marsh. 374. *Lewis* v. *Whitnell*, 5 Monr. 190. *Gray* v. *Gray*, 2 J. J. Marsh. 24.

The defect of alienage in one of the grantors might have been removed by naturalization or other means. Naturalization would relate back, and confirm the title during alienage. *Jackson* v. *Beach*, 1 Johns. Cas. 399.

The defendant, in the case cited from 1 Mood. & Malk. 128, had knowledge of the objection to the title. *Non constat* that the present defendant knew of the alienage, or that John M'Nulty knew it.

The plaintiff should have received the deeds, and relied on the covenants therein. *Boyman* v. *Gutch*, 7 Bing. 379, and 5 Moore & Payne, 222. He had agreed to accept such conveyances as the defendant should pronounce sufficient, and after the tender of such conveyances, the vendor was in no fault which could give the plaintiff a legal or equitable right to recover back the money deposited.

Dewey, J. The plaintiff contends that the contract between himself and John M'Nulty, as to the subject of the deposit of the money with the defendant, which is now sought to be recovered from him, as so much money held to the use of the plaintiff, was invalid and inoperative in law, inasmuch as it was an oral contract concerning the sale of land, and so within the statute of frauds. Rev. Sts. c. 74, §1. This is true, and would be a good answer, if the party offering proof of such contract had offered the same to sustain an action to enforce such contract, and to compel a conveyance of the land, or to recover damages for the failure so to do. But it is equally true, that the provisions of the statute are not so broad as to entitle a party, who has entered into an oral contract, by which he is to receive a conveyance of land, and towards payment for which he has made advances in money, to set aside such contract as a nullity, and reclaim the money so advanced, the other party being no way in fault, but being both able and ready to perform

his contract, and to make the conveyance in the manner stipu-
lated by the oral agreement.   The principle is very well settled,
that no such right exists, in the case just supposed, to reclaim
the money, upon the ground that the contract is within the
statute of frauds.   *Lane* v. *Shackford*, 5 N. Hamp. 130.
*Duncan* v. *Baird*, 8 Dana, 101.   *Shaw* v. *Shaw*, 6 Verm. 75.
Chit. Con. (5th Amer. ed.) 306, *note.*   There was here no failure
of consideration, until M'Nulty should refuse to comply with
the terms of his contract, or neglect to perform what he had
stipulated to do, upon the payment of the money.   Had he
thus refused, a different case would be presented; but upon
the state of facts reported, no such failure is shown, and as
between the original contracting parties, the plaintiff could not
have reclaimed the money, if paid by him to M'Nulty on such
a contract.

Has the plaintiff any better right to reclaim it from the de-
fendant?   If this money had remained in the plaintiff's own
hands, it is quite clear that he could not have been compelled
to pay the same to M'Nulty upon an oral agreement for the
sale of land, and he might have rested his defence upon the
statute of frauds.   But he parted with his money; he cannot be
said to have left it in the hands of his servant or agent, with the
power on his part to reclaim it at pleasure, and to forbid its
being paid over to M'Nulty.   The money was placed in the hands
of the defendant, under a written contract executed by him, and
the terms of this contract show that he held it for M'Nulty de-
pendent only upon the condition that M'Nulty performed his
part of the agreement.   The two receipts given by the defendant
for the money, as well that delivered to the plaintiff as that
given to M'Nulty, state that the money deposited with the de-
fendant was to be paid to M'Nulty when he should complete
the contract on his part.   The effect of thus placing the money
in the hands of the defendant was to render it irreclaimable by
the plaintiff, except in case of failure on the part of M'Nulty to
fulfil his agreement.

The jury have passed upon the facts in controversy between
the parties.   They have found the agreement to be such as the

defendant alleged it to be; that instruments of conveyance were completed by M'Nulty, in conformity with the terms of the oral agreement; that they were such as were deemed sufficient by the person selected by the parties to judge in the matter; that these deeds were duly tendered to the plaintiff; and that when they were tendered, the plaintiff made no objection to the want of title in the grantors, and did not refuse to accept the deeds for that cause.

It seems to us, that upon the facts found by the jury, and upon the rules of law already stated, the plaintiff is not entitled to recover, and that the verdict was properly taken for the defendant.

*Exceptions overruled*