Mr. Chief Justice ShaRKey
delivered the opinion of the court.
This suit was instituted before a justice of the peace, for money had and received. It seems that Hutchins by a parol contract, entered into in January, 1840, agreed to buy of Sims a tract of land for six hundred and fifty dollars, one half of which was to be paid on the first of March following, when the contract was to be consummated and possession delivered. Hutchins, in part performance, paid Sims fifty dollars, but on the first of March was unable, as he states, to pay the balance, and refused to complete the contract, though Sims was very willing to do so on his part. He says that Sims did not expressly agree to a rescission of the contract, though he said nothing when informed by Hutchins of his intended abandonment. Another witness states that Sims was willing and anxious to comply on his part, but the vendee refused to make the payment, on the ground, as stated by him, that he had made a bad bargain, although he had the money. Sims was even willing to give time for payment, and offered to go to Lexington to execute a deed. This witness also states, that Sims did not agree to rescind the contract.
On this state of the evidence, it is impossible to conclude that the contract was rescinded by mutual consent, either express or implied, and without such mutual rescission it must be clear that the amount paid in part performance, cannot be recovered back. The only grounds for such a recovery are the unwillingness or *331 inability of the vendor to convey according to contract, or a mutual abandonment of the contract. That the contract was not in writing may be good ground of defence, when specific performance of the contract is sought against the vendor, for whose benefit the statute was passed; but if the vendor is willing to perform, the price paid cannot be recovered back. Contracts by parol for land are generally regarded as voidable merely. Philbrook v. Belknap, 6 Verm. R. 383. On this principle it is clear, that if the vendor does nothing to avoid the contract, but on the contrary is both able and willing to perform, the vendee cannot recover what he has paid. The precise point now before us was raised in the case of Dowdle v. Camp, 12 Johns. 451, and it was holden that the vendee could not recover back his money without some default of the vendor.- The same point was also very fully considered in Shaw v. Shaw, 6 Verm. R. 69, and decided in the same way. The verdict was therefore manifestly against the law and the evidence, and the motion for a new trial ought to have been sustained.
Judgment reversed and cause remanded.