## COLLIER *vs.* COATES.

Where a person has paid money upon a parol contract for the purchase of lands, which is void by the statute of frauds, he cannot maintain an action to recover back the money so paid, so long as the vendor is willing to perform, on his part.

THIS was an appeal from a judgment of the Steuben county court. The action was commenced before a justice of the peace, to recover back the sum of $65 which had been paid by the plaintiff upon a parol contract for the sale of a farm by the defendant to the plaintiff. The complaint was for money lent, and money paid. The defendant denied the allegations in the complaint, and stated that if he had received any money from the plaintiff it was upon the condition that the defendant would enter into a written agreement with the plaintiff, at a future

Collier *v.* Coates.

day, which the defendant alleged he was, and at all times had been, ready to do, and he further averred that he had suffered great damage and expense by reason of the plaintiff not performing his agreement. A parol agreement between the parties, for the sale of the defendant's farm to the plaintiff, was proved, and the price was agreed upon. The plaintiff paid to the defendant $65 upon the contract, and was to pay, within a week or ten days, enough more to make two hundred dollars; and then a written contract was to be executed by the parties. Subsequently the plaintiff came back and told the defendant he could not make out the $200, and therefore could not take the farm, and he sent word to the defendant, by his son, that he, the defendant, might have the $65 the plaintiff had paid him for his damages, or he might pay back some part of it if he could afford to. The jury found a verdict in favor of the plaintiff for $65, and the justice rendered judgment for that sum, with costs. On appeal the county court affirmed the judgment.

*R. B. Van Valkenburgh*, for the appellant.

*Campbell & Rogers*, for the respondent.

*By the Court*, JOHNSON, J. I regard the rule as well settled in this country, at least, that where a person has paid money upon a parol contract for the purchase of lands, which is void by the statute of frauds, he cannot maintain an action to recover back the money so paid, so long as the other party to whom the money has been paid is willing to perform on his part.

The doctrine has been twice distinctly declared in our own court, where the question was directly before it. (*Abbott* v. *Draper*, 4 *Denio*, 51. *Dowdle* v. *Camp*, 12 *John*. 451.) The same question has been decided in the same way repeatedly in several of the courts of our sister states, where the point was directly involved. (*Coughlin* v. *Knowles*, 7 *Met*. 57. *Thompson* v. *Gould*, 20 *Pick*. 132, 142. *Duncan* v. *Baird*, 8 *Dana*, 101. *Lane* v. *Shackford*, 5 *N. H. Rep*. 133. *Shaw* v. *Shaw*,

Collier *v.* Coates.

6 *Verm. Rep.* 75. *Richards* v. *Allen*, 5 *Shep.* 296. *Sims* v. *Hutchins*, 8 *S. & M.* 328. *Beaman* v. *Buck*, 9 *Id.* 257. *McGowen* v. *West*, 7 *Miss. Rep.* 569. *Rhodes' Adm'r* v. *Stow*, 7 *Alab. Rep.* 346. *Dougherty* v. *Goggin*, 1 *J. J. Marsh.* 374. 2 *Id.* 563.) In several of the cases above cited, the facts are almost identical with those of the case at bar. All the cases agree that if the party receiving the money refuses to perform the agreement, such as it is, on his part, the action lies.

I doubt whether any well considered case can be found in the courts of this country, where the rule above laid down has been denied or even doubted. *Rice* v. *Peet* (15 *John.* 503) is cited as holding a contrary doctrine, but it does not. That case turned upon the insanity of the plaintiff at the time of making the trade and turning out the note, which fact the court considered as established by the verdict of the jury. The court do indeed say that the plaintiff might have recovered upon the ground that the contract for the exchange of farms, on which the money was received, being by parol, was void. But the decision was evidently not placed upon that ground. And besides, although the defendant in that case alleged in his plea that the plaintiff had failed in performing his agreement, no evidence seems to have been given upon the subject, and there is nothing in the case to show who was, in fact, in fault in not carrying out the agreement to exchange farms. The decision upon the point presented by the finding of the jury does not impugn the principle contended for, and at most can only be regarded as a dictum the other way. But it is contended by the learned and ingenious counsel for the plaintiff that neither *Dowdle* v. *Camp*, nor *Abbott* v. *Draper*, are authorities against the plaintiff's right to recover, because in each of those cases the plaintiff was in possession of the premises purchased, and might have enforced a specific performance of the agreement in a court of equity. In that respect, it is true, the two cases above cited differ from the case here, although several of the other cases cited do not. But I am unable to perceive how that circumstance affects the principle upon which the plaintiff claims the right to recover. The foundation of his claim is

Collier *v.* Coates.

that the money was paid without consideration. That is, that having been paid upon a promise made by the defendant which the law would not compel him to perform, nor mulct him in damages for refusing to perform, and which was, in short, void by statute, it was paid without any consideration whatever, which the law notices or regards. But this condition of the parties is not in the least altered by the purchaser's going into possession, so far as the validity and force of the agreement is concerned. It is still void by the statute of frauds, notwithstanding the possession. Nothing is better settled than this, that part performance of a parol contract void by statute, does not take it out of the statute, or give it any validity in law as a contract.

To whatever extent either or both of the parties may have gone in the performance of such a contract, it still remains of no legal or binding force in law, in every stage up to its full and final performance and execution by both. If it is conceded that possession by the plaintiff, in addition to the payment, would have operated to defeat the recovery of the money paid, the whole ground of controversy is surrendered. It could make no difference as regards the right of action, so far as the question of consideration is concerned, whether the defendant had in fact performed in part or whether he was willing and offered to perform. Besides, when the other party is willing and offers to perform, the question as to whether the plaintiff could compel him to do so in case of his refusal, does not arise. It is clear enough that in case of a refusal the action lies, and the refusal is the ground upon which the action for the recovery is based. Certainly a willingness or an offer to perform must be regarded as placing the defendant in as favorable a situation, as part performance, as regards the action at law.

Courts of equity, in decreeing the specific performance of such contracts, do not proceed upon the ground that the contract has any force or validity in law, but only that it is binding in conscience, and its performance specifically is decreed, expressly to prevent fraud, and for the very reason that in law it is of no force. What courts of equity might do, or refuse to do, can

Collier *v.* Coates.

have no bearing upon the legal effect of such a contract. The last act or payment by either party, or both, short of full performance, is as much without consideration in law as the first. If the rules of equity are to be permitted to affect the legal right of recovery, the defendant may safely invoke them in his behalf in the present case. But they are not; and in determining the question here, in the action at law, they may as well be laid entirely out of view. It is by no means an universal rule that money paid, without a consideration good in law, may be recovered back. There are several exceptions to it. And I take this to be one which is well established by numerous adjudications.

The contract here upon which the money was paid, although it was so far void that the law would lend no aid in enforcing it, was not contrary to law. It was neither immoral nor illegal. It was one which the parties had a right to make and carry out. There was no fraud or mistake of facts. The money was voluntarily paid by the plaintiff, upon a promise made by the defendant, which the former knew at the time he could not oblige the latter to perform, but which promise nevertheless he agreed to accept as a sufficient consideration for the money parted with. The money was not received by the defendant as a loan, but as a payment. It was not received to the plaintiff's use. And as long as the defendant is willing to do what he agreed to do, in consideration of the payment, the law will not presume any promise to repay it, but will leave the parties to stand where they voluntarily placed themselves by their arrangement, until the defendant refuses to carry it out. Cases of great hardship are suggested as a reason for the adoption of the rule contended for by the plaintiff's counsel. One of which is, that otherwise the purchaser under such a contract might go on making payments until the last; and although satisfied his bargain is not an advantageous one, yet bound to make his payments or lose what he has paid, while the other party all this time is at perfect liberty to repudiate the arrangement, and may do so at the last moment, to the serious injury of the purchaser. And it is asked if it is right to give one party such an advantage over the other? It would be easy to suggest cases of hardship on the other side, if

Collier *v.* Coates.

the right to recover in any case were to be controlled by any such considerations. Take the case at bar, for an example. The evidence shows that when the plaintiff entered into the arrangement with the defendant and made the payment, the latter was engaged in putting in a crop of wheat. That the plaintiff requested the defendant to suspend operations, as he would want to put the land to some other use, and that the defendant did suspend, and waited, expecting the plaintiff to fulfill his engagement, until it was too late to put in his crop ; in consequence of which he was injured to the amount of over $100.

But suppose the whole purchase price had been paid, and the defendant, in the confident expectation of the plaintiff's acceptance of the title, had gone and purchased another farm with the money, and involved himself in liabilities which would be utterly ruinous should the other party be allowed to repudiate and recover back the money. It may be asked, would it be right to allow him to do so? It is sufficiently obvious, however, that neither the plaintiff's right to recover back the money, nor the defendant's right to retain it, can rest in, or derive any aid from, such considerations as these. The principle which governs is more fixed and stable. It is clear that, by the rules of equity, the plaintiff could not recover until he had first made the defendant whole for the damage he had occasioned by the breach of his engagement, or offered to do so. And the law will not, I think, aid the party thus in the wrong, by presuming a promise of repayment, in his favor, until the other party shall refuse to go on and carry out the agreement upon which the money was paid. The rule which I suppose to be established, seems to me to be one founded in reason and good sense, which ought to be upheld. And I regard it as being too well settled upon authority to be departed from, except upon the most cogent reasons, and from the clearest convictions of its unsoundness. I am of opinion, therefore, that the judgment of the county court and that of the justice should be reversed.

[MONROE GENERAL TERM, March 6, 1854. *Selden, T. R. Strong* and *Johnson,* Justices.]