*E. C. Peters* for defendant.

---

## A. K. TING v. EARNEST O. BORN.

### ERROR TO CIRCUIT COURT, SECOND CIRCUIT.

ARGUED SEPTEMBER 22, 1913.                    DECIDED OCTOBER 4, 1913.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

PLEADING—*allegation and proof—variance.*

Where, in an action of assumpsit, it is alleged that the defendant is indebted to the plaintiff in the sum of $600 as a portion of the purchase price of a certain automobile and the proof is, that the plaintiff being the owner of a Hupmobile of the value of $700 and the defendant being the owner of an E. M. F. car of the value of $1450, they agreed to and did exchange cars, and in consideration of the difference in value of the cars the plaintiff promised to pay the defendant the sum of $750; that thereafter they agreed that the defendant take the E. M. F. car back and pay the plaintiff the sum of $600 for the Hupmobile, which the

defendant was to retain. Held, that the legal effect of the latter transaction was a sale of the Hupmobile by the plaintiff to the defendant; that the first contract was abrogated and rescinded by the second contract; and that there was no variance between allegation and proof.

TRIAL—*remarks of the court in presence of the jury.*

Counsel having moved that the witnesses be excluded from the court room, the court remarked, "I see no witnesses here except one, and he is a banker." Held, that the natural and reasonable construction to be placed upon the remark of the court is, that the court thereby intended to convey the idea that there was but one witness in the court room, and that the standing or credibility of the witness was not thereby alluded to or implied.

ID.—*remarks of court evoked by motion for nonsuit.*

Counsel having moved for a nonsuit, the court and counsel thereupon, in the presence of the jury, entered into a discussion as to the legal effect of the plaintiff's complaint. The court thereafter instructed the jury to disregard the remarks of the court so made. Held, under the circumstances of this case, that the remarks were not prejudicial error.

OPINION OF THE COURT BY DE BOLT, J.

This is a writ of error to review a judgment of the circuit court of the second circuit. The record having been sent up in response to the writ the defendant in error filed a motion to quash the writ and dismiss the proceedings in error and the motion having been denied (ante 638), the case now comes before us on its merits.

The complaint filed by the plaintiff (defendant in error) in the court below alleges, among other things, "that on to wit, the 20th day of November, A. D. 1912, the defendant" (plaintiff in error) "became indebted to the plaintiff in the sum of six hundred dollars ($600.00), as a portion of the purchase price of a certain automobile by the plaintiff sold and delivered to the defendant." The complaint further alleges the payment of $225 by the defendant on the alleged indebtedness, thus leaving a balance of $375 due the plaintiff. The jury returned a

verdict for the plaintiff for the sum of $380 including interest. Judgment was entered accordingly.

At the trial in the court below the plaintiff testified that in the month of October, 1912, he being the owner of a Hupmobile of the value of $700 and the defendant being the owner of an E. M. F. car of the value of $1450, they mutually agreed to and did then exchange cars, and that in consideration of the difference in value of the cars he gave the defendant his check for $500 and promised to pay him the further sum of $250 in installments; that "a month after that, or some time in November," the defendant told him that "he made a fool of himself for taking" the Hupmobile "for seven hundred, which is too high a price;" that "one day" he told the defendant, "I will cut down a hundred dollars off the Hupmobile if he will take the E. M. F. back, which he agreed to;" that "on the 20th day of November, 1912, Born gave me a check of six hundred dollars which I had given to him. I destroyed that five hundred dollar check in his presence but kept the six hundred dollar check and told him he had two machines. That is the six hundred dollars for the purchase of the Hupmobile. At the time he gave me the check for six hundred, he told me he didn't have enough in the bank to meet that check but that he would have it in two weeks. After two weeks went by I asked him about it and he told me he expected some money from the Coast which didn't arrive and he asked me to hold on and he would make good."

D. C. Lindsay, cashier of The Baldwin National Bank of Kahului, a witness for the plaintiff, testified that the check for $600 "was presented at the bank but payment was refused on account of lack of funds;" that he heard a conversation between the plaintiff and the defendant wherein the defendant said, regarding the plaintiff's claim of $375, that "he would pay it in small installments as he was able."

The testimony of the defendant, as to the principal facts in the case, was substantially the same as that of the plaintiff.

The contention of the defendant being, however, that he took the E. M. F. car back to sell for the plaintiff as his agent, and that all the while it was known, agreed and understood between them that the defendant was the agent of the Schuman Carriage Company. There was some evidence tending to support this theory of the transactions between them.

Upon the defendant's attention being called to the testimony of Mr. Lindsay, that he heard him say that he would pay the plaintiff "in small installments as he was able," the defendant said: "I think he made a mistake."

The assignments of error are, (1) that the plaintiff in error (defendant below) was deprived of a full, fair and impartial trial by the remarks of the court beginning with and continuing during the entire course of the trial; (2) that the verdict is contrary to the law and the evidence in that the contract declared upon is alleged to have been entered into on November 20, 1912, whereas the contract upon which the verdict is predicated is shown to have been entered into on or about December 15, 1912, and is a separate and independent contract in nowise connected with the contract alleged in the pleadings.

1. As to the first assignment of error. The remarks of the court complained of were made in the following manner, that is to say, upon the jury being sworn to try the cause and counsel for the defendant having moved that the witnesses be excluded, the court replied: "I see no witnesses here except one and he is a banker;" also (the plaintiff having rested and the defendant having moved for a nonsuit on the ground that the evidence did not show a contract for the sale of an automobile, but a contract of barter, and that the defendant was acting as agent for the Schuman Carriage Company), this colloquy between court and counsel occurred:

"The Court: This is a suit, is it not, for money due and owing? Mr. Murphy: For the sale of an automobile. The Court: Have you the complaint there? Mr. Murphy: Yes. The Court: Show me where it says it was for the sale of an

automobile. Mr. Murphy: (Reading) 'That on to wit: the 20th day of November, A. D. 1912 the defendant became indebted to the plaintiff in the sum of six hundred dollars—' The Court: (Int.) Now, suppose you strike out all the rest of that paragraph. Mr. Murphy: 'As a portion of the purchase price of a certain automobile.' The Court: That was simply thrown in. The allegation there is for an indebtedness of six hundred dollars. Mr. Murphy: I take it that it is a money count. The Court: It is an allegation of an indebtedness of six hundred dollars. Mr. Murphy: For goods sold and delivered. The Court: It doesn't say that. It says: 'That on to wit the 20th day of November, A. D. 1912 the defendant became indebted to the plaintiff in the sum of six hundred dollars.' The rest is merely in explanation. All that after 'As' is there to inform the defendant as to how he became indebted to the plaintiff. It is not a part of the allegation at all. It is on the 20th day of November that he became indebted in the sum of six hundred dollars. Stop right there and it is complete. Mr. Murphy: I don't think it would survive a demurrer. Suppose it was a promissory note. The Court: (Reading) 'That the said defendant being so indebted unto the said plaintiff in consideration thereof undertook and agreed to pay to the said plaintiff the said sum of six hundred dollars upon the said date, to-wit: the 20th day of November, 1912.' That is the allegation of the debt and the surplusage in there shows how the debt originated. Mr. Murphy: The evidence is that in consideration that Mr. Born took the E. M. F. back Mr. Ting would then take off a hundred off the Hupmobile that had been taken as part payment on the E. M. F., how would that— The Court: The fact that he promised to pay six hundred dollars is alleged and it is also alleged that he has not paid it. Going to the proof, the proofs show that as promise or evidence of the six hundred dollar debt he gave his check for six hundred dollars. Is that not the evidence? Mr. Murphy: There is evidence of that. The Court: That is sim-

ply evidence of two things. First, that he owed six hundred dollars and he paid it by check on which funds could not be obtained. He made two payments toward that check, which goes to recognize the check as demand against him. Mr. Murphy: Is the suit on a check or on an automobile? The Court: Neither. It is for indebtedness and the check is merely evidence of the indebtedness. All that has been said about automobile has nothing to do with the evidence. Mr. Murphy: It is in the pleadings, and in the evidence. (Pause) Will the court rule on the question of agency. The Court: I overrule your motion, to which you may have an exception." Also (counsel having made a statement of the defendant's case to the jury), the court said: "If you show those facts, they are entitled to judgment;" to which counsel replied: "That is my offer of proof. If Your Honor thinks that is not sufficient, a directed verdict in favor of the plaintiff should be rendered." "The Court: Your witnesses will be your offer of proof."

It is urged on behalf of the plaintiff in error that the remark of the court, "I see no witnesses here except one, and he is a banker," gave undue prominence to the testimony of that witness, and that the court thereby intimated to the jury that "the honesty and integrity of this witness, the banker, Mr. Lindsay, is not to be questioned." We do not think that the remark of the court can reasonably be so construed. It, possibly, is susceptible of more than one consideration. We think, however, that the natural and reasonable construction to be placed upon the remark is, that the court thereby intended to convey the idea that there was but one witness in the court room, and that the standing or credibility of the witness was not alluded to or implied. Where a reasonable and proper construction can thus be applied, one, such as counsel contends for, though it may be a possible construction, should not be accepted by the court. We see no prejudicial error in the remark of the court. It is not claimed that the witness remained in the court room during the examination of other witnesses.

As to the remarks of the court evoked by the motion for a nonsuit, while some of them are not entirely free from objection, we cannot say that they were prejudicial to the defendant. Upon the motion for a nonsuit being made the proper procedure, however, was to have the jury excluded from the court room during argument on the motion. But it seems that neither party suggested this method of procedure, nor objected to the discussion in the presence of the jury. It will be observed that the court and counsel were discussing the legal effect of the plaintiff's complaint—construing it—and the remarks were not, in effect, comment on the evidence, nor intended as such. "The construction of the pleadings is, of course, always a question for the court." Thompson on Trials, 2d. ed. Sec. 1027. If, however, the remarks of the court, made in this connection, had any improper influence on the jury such prejudicial effect must be deemed to have been removed by the following instruction of the court: "I charge you that you are not to consider the court's refusal to grant a nonsuit in this case as an indication that your judgment should be for the plaintiff. The duty of the court is to present the case to you entirely. Anything that I have said to you in ruling on that motion is not to have any effect upon your decision." Upon the merits of the case the court charged the jury as follows: "It seems to me that there has been some little evidence here that was immaterial. I have no doubt that you understand the evidence thoroughly and are able to judge. If from the evidence you find that the defendant did owe six hundred dollars and as a promise to pay that debt, evidence of payment, gave his check for six hundred on which he has paid any sums whatever, two hundred or two hundred and twenty-five dollars, if from the evidence you find these are facts, you will bring in a verdict accordingly. If from the evidence you find that the transaction was not a transaction between Mr. Ting and Mr. Born but was understood by both parties to be between Mr. Ting and the Schuman Carriage Company, then you will find for the defendant."

It is also urged that the remark of the court made at the close of the statement of the case for the defendant, namely, "If you show those facts, they are entitled to judgment," was prejudicial error. Counsel's statement of the case, however, is not in the record. For aught we know the statement may have been insufficient as a defense. In the absence of the record affirmatively showing error we cannot assume that the remark of the court was prejudicial. The defendant, as the record shows, was permitted to proceed with his evidence, which afforded him ample opportunity to amplify and extend his defense as the exigencies of the case might require. In other words, he was permitted to supply by evidence any deficiency there may have been in his statement of defense.

2. As to the second assignment of error, namely, that the verdict is contrary to the law and the evidence in that the contract declared upon is alleged to have been entered into on November 20, 1912, whereas the contract upon which the verdict is predicated was shown to have been entered into on December 15, 1912. There is no evidence of any transaction, contractual or otherwise, between these parties on December 15, 1912. The only transactions disclosed by the record were those of October and November, 1912, already referred to.

The contention is made on behalf of the defendant that the original contract was one of barter; that the title to the Hupmobile thereby passed from the plaintiff to the defendant; that the proof of contract, if any, was, that in consideration of the plaintiff returning to the defendant the E. M. F. car, the defendant would cancel the obligation resting on the plaintiff to pay the $750, and the defendant was to pay to the plaintiff the sum of $600; and that this transaction was not alleged, hence, there was a fatal variance between the allegations of the complaint and the proof. We think there was ample evidence, however, to sustain the verdict on the theory that the contract of October was rescinded and the contract of November was substituted, which, in legal effect, was a sale of the Hupmobile

by the plaintiff to the defendant for the consideration of $600. "As a contract is the result of agreement, so an agreement may put an end to a contract. Therefore a contract may be discharged at any time before the performance is due, by a new agreement with the effect of altering the terms of the original agreement or rescinding it altogether; and a claim under the original contract may then be met by the new agreement, so far as the latter operates to alter or rescind the former." 9 Cyc. 593-595; 35 Cyc. 128, 129. The contract of October being rescinded and the contract of November substituted therefor, it follows as a legal necessity that an action can only be maintained on the latter contract. The evidence adduced by the plaintiff tends to show that by the terms of this latter contract, which was a new, distinct and independent contract, all the respective rights and obligations of the parties created and imposed by the October contract were completely wiped out; that the October contract was rescinded and abandoned by mutual consent of the parties; that the title to the E. M. F. car reverted to the defendant; and that in consideration of the promise by the defendant to pay to the plaintiff the sum of $600, the defendant was to retain the Hupmobile, which in contemplation of law was a sale. The title to the Hupmobile by this latter transaction momentarily reverted to the plaintiff and then, in consideration of the defendant's promise to pay to the plaintiff the sum of $600, revested in the defendant—the legal effect being, a sale of the Hupmobile by the plaintiff to the defendant. *Duncan* v. *Baird & Co.*, 38 Ky. 101; 35 Cyc. 158; *Milner* v. *DeLoach Mill Mfg. Co.*, 36 So. 765.

The verdict was responsive to the allegations of the complaint and amply sustained by the evidence. There was no variance between allegation and proof. The record being free from prejudicial error, the judgment is affirmed.

*R. P. Quarles* (*Andrews & Quarles* and *Eugene Murphy* on the brief) for plaintiff in error.

*E. R. Bevins* for defendant in error.